887 So.2d 833 (2004)
Lonnie DONNELLY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01210-COA.
Court of Appeals of Mississippi.
August 31, 2004.
Rehearing Denied November 30, 2004.
*834 Lonnie Donnelly, appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, C.J., LEE and GRIFFIS, JJ.
KING, C.J., for the Court.
¶ 1. Lonnie Donnelly pled guilty to two counts of armed robbery and was sentenced to twenty years on each count, to run concurrently. Aggrieved by his conviction, he has perfected his appeal, pro se and asserted the following issues, which we quote verbatim.
I. Did the trial court judge err in denying and barring Donnelly's petition to vacate and set aside sentence without an evidentiary hearing to prove his claims of newly discovered evidence under the post-conviction collateral relief act. Miss.Code Ann.1972 as amended § 99-39-5(2) and (2).
II. Donnelly's constitutional and United States rights to the equal protection and due process right has [sic] been violated against him and in doing so denied defendant a fair trial nor [sic] meaningful and effective assistance of counsel.
III. Was Donnelly entitled to have trial court state on the record whether it considered Youth Court Act during sentencing.
IV. Did the prosecutions [sic] non disclosure plea agreement with a co-defendant effect the defendant's in the case. The co-defendants plea agreement should not have been withheld from other co-defendant's [sic] in the case because each individual was charged and indicted on the same charges.

STATEMENT OF FACTS
¶ 2. On July 6, 1998, the grand jury of Grenada County returned a multi-count indictment against Lonnie Donnelly. In Count I of the indictment, Donnelly was charged with the crime of conspiracy, in Count II he was charged with armed robbery, and in Count III with capital murder.
¶ 3. On January 24, 2000, Donnelly entered a plea of guilty to two counts of armed robbery. As part of a plea agreement the conspiracy charge was dropped, and the capital murder charge was reduced to the lesser related offense of armed robbery. Donnelly was sentenced to serve twenty years on each armed robbery count, with the sentences to run concurrently.
¶ 4. On November 2, 2001, Donnelly filed a petition to clarify and correct sentence. On February 25, 2002, the Circuit Court of Grenada County dismissed Donnelly's petition. Donnelly appealed this decision to the Mississippi Supreme Court, and the case was referred to this Court. On April 1, 2003, this Court, affirmed the trial court's dismissal of the petition for post-conviction relief. See Donnelly v. State, 841 So.2d 207 (Miss.Ct.App.2003).
¶ 5. On April 30, 2003, Donnelly filed a second motion to clarify sentence, which the trial court denied on May 20, 2003. *835 On June 24, 2003, Donnelly filed his motion to appeal.

ISSUES AND ANALYSIS

I.
Did the trial court judge err in denying and barring Donnelly's petition to vacate and set aside sentence without an evidentiary hearing to prove his claims of newly discovered evidence under the post-conviction collateral relief act. Miss.Code Ann.1972 as amended § 99-39-5(2) and (2).
¶ 6. "When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). "However, where questions of law are raised the applicable standard of review is de novo." Id.
¶ 7. Mississippi Code Annotated Section 99-39-23(5) and (6) (Supp.2003)[1] prohibits the filing of successive writs for post-conviction relief, with certain exceptions. One of the exceptions allows successive writs if the prisoner "has evidence, not reasonably discoverable at the trial, which is of such nature that it would be practically conclusive that had such evidence been introduced at trial it would have caused a different result in the conviction or sentence." Donnelly contends that the trial court erred in denying his petition for post-conviction relief because there was newly discovered evidence that proved his innocence. Donnelly claims that he received letters and affidavits from three co-defendants who stated that he was innocent and never participated in the events that took place on December 1, 1997. Donnelly argues these letters are newly discovered evidence, not available to him at the time of his guilty plea, thereby excluding him from the prohibition against successive writs.
¶ 8. It is incumbent upon the prisoner to allege facts and offer proof to show that the alleged "new evidence" was *836 not discoverable at the time of trial. The "proponent must show that evidence has been discovered since trial, that it could not have been discovered before trial by the exercise of due diligence, that it is material to the issue, and that it is not merely cumulative or impeaching." Williams v. State, 669 So.2d 44, 55 (Miss.1996). Donnelly does not offer a scintilla of evidence to show why the testimony of these three co-defendants was not reasonably discoverable prior to his guilty plea on January 24, 2000; he simply claims that the evidence was not available to him prior to that time and does not explain why it was previously unavailable to him.
¶ 9. Donnelly claims that letters from his three co-defendants clear him of the crime to which he pled guilty. However, the record is devoid of letters or affidavits from the three co-defendants, attesting to Donnelly's innocence. Donnelly has failed to make any showing of good cause as to why these letters or affidavits were not made a part of his petition, as required by Mississippi Code Annotated Section 99-39-9(1)(e) which states:
(e) A specific statement of the facts which are not within the prisoner's personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the prisoner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse.
Miss.Code Ann. § 99-39-9(1)(e) (Supp.2003).
¶ 10. Having found Donnelly's petition to be a successive writ, and therefore barred under Mississippi Code Annotated Section 99-39-23(6), his remaining issues are moot.
¶ 11. The circuit judge did not abuse his discretion in denying Donnelly's petition for post-conviction relief, since the petition was procedurally barred as a successive writ, as Donnelly made no showing that he fit into one of the exceptions for successive writs pursuant to Mississippi Code Annotated Section 99-39-23(6).
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO GRENADA COUNTY.
BRIDGES, P.J., LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING AND BARNES, JJ., NOT PARTICIPATING.
NOTES
[1] Miss.Code Ann. § 99-39-23(5) and (6) Conduct of evidentiary hearing; right to counsel; finality of order as bar to subsequent motions; burden of proof; appointment of counsel in death penalty cases.

(5) If the court finds in favor of the prisoner, it shall enter an appropriate order with respect to the conviction or sentence under attack, and any supplementary orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence or other matters that may be necessary and proper. The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented.
(6) The order as provided in subsection (5) of this section or any order dismissing the prisoner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article. Excepted from this prohibition is a motion filed pursuant to Section 99- 19-57(2), Mississippi Code of 1972, raising the issue of the convict's supervening insanity prior to the execution of a sentence of death. A dismissal or denial of a motion relating to insanity under Section 99-19-57(2), Mississippi Code of 1972, shall be res judicata on the issue and shall likewise bar any second or successive motions on the issue. Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.