KING, C. J.,
 

 for the Court.
 

 ¶ 1. On August 7, 2006, Kelly Mann filed a pro se motion for post-conviction relief to vacate and set aside his 1993 convictions and sentences for murder and armed robbery. Thereafter, the Leake County Circuit Court conducted an evidentiary hearing on Mann’s motion. As a result of the hearing, Mann’s motion for post-conviction relief was dismissed as being time-barred and successive-writ barred. Aggrieved, Mann appeals citing four allegations of error: (1) the trial court erred in dismissing his motion for post-conviction relief as procedurally barred; (2) because he is serving an illegal sentence for armed robbery, the trial court erred in dismissing Mann’s motion for post-conviction relief; (3) the trial court erred in dismissing his motion for post-conviction relief because Mann received ineffective assistance of counsel; and (4) the trial court erred in dismissing his motion for post-conviction relief because Mann’s guilty plea was not voluntarily, intelligently, and knowingly given. We find that Mann’s contentions are without merit and affirm the judgment of the trial court.
 

 FACTS
 

 ¶2. On May 5, 1993, a Leake County grand jury indicted Mann and Truman Brantley, Jr., for capital murder. On August 9, 1993, Mann entered guilty pleas to charges of murder and armed robbery. For the crime of murder, Mann was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. For the crime of armed robbery, Mann was sentenced to serve forty years, with this sentence to run consecutively to
 
 *745
 
 the sentence imposed for the crime of murder.
 

 ¶ 3. On October 27, 1994, Mann filed a motion for post-conviction relief. After an evidentiary hearing on July 24, 1995, Mann’s motion for post-conviction relief was denied. On November 6, 1997, the supreme court, by an unpublished opinion, affirmed the trial court’s decision to deny Mann’s motion for post-conviction relief.
 
 See Mann v. State,
 
 703 So.2d 861 (Miss.1997).
 

 ¶ 4. Mann filed a motion for post-conviction relief to vacate and set aside his conviction and sentence in the Leake County Circuit Court on August 7, 2006. On August 20, 2007, after an evidentiary hearing, Mann’s motion for post-conviction relief was dismissed. Mann now appeals to this Court.
 

 STANDARD OF REVIEW
 

 ¶ 5. “In reviewing a trial court’s dismissal of post-conviction relief, our standard of review is well stated. We will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.”
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). “However, where questions of law are raised, the applicable standard of review is de novo.”
 
 Brown v. State,
 
 731 So.2d 595, 598(¶6) (Miss.1999).
 

 ANALYSIS
 

 ¶ 6. Mann presents this Court with four assignments of error. However, the threshold issue which must be resolved by this Court is whether Mann’s claims are procedurally barred. A request for post-conviction relief may be procedurally barred as being untimely or as a successive writ.
 
 Skinner v. State,
 
 864 So.2d 298, 299-300(¶ 5) (Miss.Ct.App.2003).
 

 A. Time-barred
 

 1Í 7. On August 9, 1993, Mann pled guilty to armed robbery, and on that same day, a sentence of forty years in prison was imposed. On August 7, 2006, Mann filed the request for post-conviction relief that is the basis of this appeal. The trial court dismissed the motion for post-conviction relief on August 20, 2007, as being time-barred. Mississippi Code Annotated section 99-39-5(2) (Rev.2007) provides that a request for post-conviction relief must be filed within three years of judgment of conviction in the case of a guilty plea, unless it meets one of the enumerated exceptions. Those exceptions are as follows:
 

 Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
 

 Miss.Code Ann. § 99-39-5(2).
 

 ¶ 8. Mann does not suggest that he meets any of the enumerated exceptions; rather, he argues that he began serving • the armed robbery sentence on August 10, 2003; therefore, the period of limitation commenced on August 10, 2003, rather
 
 *746
 
 than August 9, 1993.
 
 [1]
 
 This assertion is clearly contrary to the plain language of section 99-39-5(2) and is, thus, without merit.
 

 B. Successive-writ barred
 

 ¶ 9. On October 24, 1994, Mann filed his first motion for post-conviction relief. This motion for post-conviction relief was denied on July 24, 1995. A request for post-conviction relief must include all claims then available to the petitioner.
 
 Retherford v. State,
 
 749 So.2d 269, 273(¶ 8) (Miss.Ct.App.1999). Under the provisions of Mississippi Code Annotated section 99-39-23(6) (Supp.2008), the entry of a final order on any request for post-conviction relief precludes further requests for post-conviction relief in that case, unless it meets one of the statutory exceptions. Those exceptions provided in section 99-39-23(6) are as follows:
 

 Excepted from this prohibition is a motion filed under Section 99-19-57(2), raising the issue of the offender’s supervening mental illness before the execution of a sentence of death. A dismissal or denial of a motion relating to mental illness under Section 99-19-57(2) shall be res judicata on the issue and shall likewise bar any second or successive motions on the issue. Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
 

 ¶ 10. Mann has not demonstrated to this Court that his claims meet any of the statutory exceptions, which allow him to proceed. Indeed, each of the claims, which Mann now raises, was addressed by the supreme court in an unpublished opinion styled,
 
 Mann,
 
 95-CA-00598-SCT, and each is barred as a successive-writ.
 

 ¶ 11. Mann’s motion for post-conviction relief is both time-barred and successive-writ barred. Therefore, we affirm the judgment of the trial court.
 

 ¶ 12. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . Mann alleges in his petition that his sentence for armed robbery did not commence until August 10, 2003; therefore, he is well within the statute of limitations to seek relief for the armed robbery conviction. However, there is no clear explanation offered by Mann as to this conclusion nor is there any language in the statute to suggest such conclusion can be drawn.