MAXWELL, J, for the Court:
 

 ¶ 1. Alex Durode Johnson III appeals the dismissal of his petition for post-conviction relief (PCR petition). Because Johnson’s present petition is successive to a previous one and was filed outside of the three-year statute of limitations, we find it is procedurally barred from our review. Accordingly, we affirm the circuit court’s judgment of dismissal without reaching the merits of his argument.
 

 FACTS
 

 ¶ 2. On April 4, 2006, Johnson pleaded guilty to possession of an unquantified amount of cocaine. He was sentenced to twelve years in the custody of the Mississippi Department of Corrections, with eight years to serve and four years suspended.
 

 ¶ 3. Johnson filed his first PCR petition on August 4, 2007. In his initial petition, he alleged: (1) he was not informed of his constitutional right against self-incrimination; (2) the circuit court erred in allowing him to plead guilty to a lesser-included offense; (3) he received ineffective assistance of counsel; and (4) cumulative error warrants reversal. The circuit court denied his PCR petition, and this Court affirmed the denial.
 
 Johnson v. State,
 
 987 So.2d 501 (Miss.Ct.App.2008).
 

 ¶ 4. On April, 30, 2009, Johnson filed a “Petition to Clarify Sentence.” Therein, he specifically claimed his indictment was ambiguous as to which drug statute he was charged with violating. It appears he takes issue with the circuit court’s acceptance of his guilty plea to the lesser charge of mere possession of cocaine rather than the charged offense of possession with the intent to distribute. The circuit judge treated this petition as a successive PCR petition, which he summarily dismissed.
 

 STANDARD OF REVIEW
 

 ¶ 5. Circuit courts may summarily dismiss a PCR petition “if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.”
 
 Robinson v. State,
 
 19 So.3d 140, 141-42 (¶ 6) (Miss.Ct.App.2009) (quoting Miss.Code Ann. § 99-39-11(2) (Rev. 2007)). This Court will not disturb a lower court’s dismissal of a PCR petition unless it is clearly erroneous.
 
 Mann v. State,
 
 2 So.3d 743, 745 (¶ 5) (Miss.Ct.App.2009).
 
 *649
 
 However, when questions of law are raised, we employ a de novo standard of review.
 
 Id.
 

 DISCUSSION
 

 I. Successive Writ
 

 ¶ 6. The circuit judge found Johnson’s present PCR petition was barred as a successive writ. Mississippi Code Annotated section 99-39-23(6) (Supp.2009) provides: “any order dismissing the prisoner’s motion ... is a final judgment .... [and] shall be a bar to a second or successive motion.... ”
 
 See also Jackson v. State,
 
 19 So.3d 106, 107 (¶ 7) (Miss.Ct.App.2009).
 

 ¶ 7. In July 2008, this Court affirmed the denial of Johnson’s first PCR petition. Although Johnson’s current petition is styled as a “Petition to Clarify' Sentence,” it addresses alleged defects in his indictment. It also takes issue with the legality of his sentence. Johnson’s claims attacking the indictment and sentence are considered grounds for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act.
 
 See
 
 Miss.Code Ann. § 99-39-5 (Supp.2009). This case does not involve the situation where an inmate is “unsui’e about the operation of his sentence and desires clarity,” which should be handled initially under administrative review.
 
 See Burns v. State,
 
 933 So.2d 329, 331 (¶ 9) (Miss.Ct.App.2006); Miss.Code Ann. § 47-5-803 (Rev.2004). Therefore, we find the circuit judge properly treated the present petition as a petition for post-conviction relief.
 
 See Fuller v. State,
 
 914 So.2d 1230, 1231-32 (¶ 3) (Miss.Ct.App.2005);
 
 see also Donnelly v. State,
 
 887 So.2d 833, 836 (¶ 11) (Miss.Ct.App.2004) (denied defendant’s motion to clarify sentence as a successive petition for post-conviction relief).
 

 ¶ 8. Furthermore, the defendant bears the burden to prove by a “preponderance of the evidence that his claims are not barred as successive writs.”
 
 Robinson,
 
 19 So.3d at 144 (¶ 16) (citing
 
 Carbin v. State,
 
 942 So.2d 231, 233 (¶9) (Miss.Ct.App.2006)). Here, Johnson fails to show any applicable statutory exception allowing a second PCR petition.
 

 ¶ 9. Accordingly, the circuit court properly dismissed Johnson’s PCR petition as a successive writ.
 

 II. Statute of Limitations
 

 ¶ 10. Though the circuit court did not address the timeliness of the present petition, we find Johnson’s subsequent petition is also time-barred. Absent limited statutory exceptions, section 99-39-5(2) requires PCR petitions to be filed within thi*ee years after the entry of a guilty plea. Miss.Code. Ann. § 99-39-5(2);
 
 Glenn v. State,
 
 940 So.2d 969, 970 (¶ 4) (Miss.Ct.App.2006).
 

 ¶ 11. Johnson pleaded guilty on April 4, 2006. He filed his most recent PCR petition on April 30, 2009. The PCR petition before us was filed after the three-year statute of limitations had run. Johnson fails to show any exception to the time bar. Thus, we find his present petition was also untimely.
 

 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.