MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. In 1981, the Madison County Circuit Court sentenced Mikel White to life imprisonment after a jury found him guilty of capital murder. White later pled guilty to several other crimes. In 2008, he filed a pro se motion for post-conviction relief (PCR), which the circuit court dismissed as a successive writ. Because his PCR motion is successive-writ barred, time-barred, and without merit, we affirm the circuit court’s judgment.
 

 FACTS
 

 ¶ 2. From our review, it appears that on June 18, 1980, White was indicted separately for aggravated assault and armed robbery. He was also charged with capital murder with a different armed robbery serving as the underlying felony.
 
 [1]
 
 The capital-murder case proceeded to trial, and the jury convicted White. Because the jury could not agree on the death penalty, the circuit judge sentenced White on December 23, 1981, to life imprisonment. It appears White later pled guilty to the remaining crimes. The circuit judge sentenced him to fifteen years for aggravated assault and thirty years for each armed-robbery charge. The sentences were ordered to run consecutively for a total of seventy-five years.
 

 ¶ 3. Since his 1981 conviction, White has filed at least three PCR motions prior to the motion now under our review. On July 30, 2008, he filed the present PCR motion, arguing that he had received ineffective assistance of counsel during his capital-murder trial. The circuit court summarily dismissed this motion finding it barred as a successive writ.
 

 
 *635
 
 STANDARD OF REVIEW
 

 ¶ 4. In considering the dismissal of a post-conviction relief motion, we review the trial court’s findings of fact for clear error.
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶2) (Miss.Ct.App.2004). When reviewing questions of law, our standard is de novo.
 
 Id.
 
 The trial court may summarily dismiss a PCR motion where “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Supp.2010).
 
 See also State v. Santiago,
 
 773 So.2d 921, 923-24 (¶ 11) (Miss.2000). This court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate “a claim procedurally alive substantially showing the denial of a state or federal right.”
 
 Robinson v. State,
 
 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009).
 

 DISCUSSION
 

 ¶ 5. White argues his attorney was ineffective because he: (1) failed to conduct an independent investigation into the State’s case against him, (2) did not present his defense that he was under the “strong domination” of another person, (3) limited his defense to a strategy designed to avoid the death penalty, (4) neglected to instruct him on the applicable law to his defense during pretrial preparation, and (5) failed to pursue a fair sentence.
 

 I. Procedural Bars
 

 ¶ 6. Under the Uniform Post-Conviction Collateral Relief Act, successive motions are generally barred from our review. Miss.Code Ann. § 99-39-23(6) (Supp.2010). And a three-year limitations period applies to claims for relief under the UPCCRA. Miss.Code Ann. § 99-39-5(2) (Supp.2010).
 

 ¶ 7. White’s present PCR motion is a successive writ because it is at least his fourth PCR motion. He has also alleged in a prior PCR motion, the- exact same issue asserted in, this appeal — ineffective assistance of counsel. -Further, because he is challenging a 1981 conviction, his PCR motion was filed well outside the three-year statute of limitations.
 

 ¶ 8. So we look to see whether an exception to these procedural bars applies. The burden falls on the movant to show he has met a statutory exception.
 
 Adams v. State,
 
 954 So.2d 1051, 1053 (¶ 7) (Miss.Ct.App.2007) (citing
 
 Jackson v. State,
 
 860 So.2d 653, 661 (¶ 16) (Miss.2003)). “[Errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRÁ.”
 
 Rowland v. State,
 
 42 So.3d 503, 507 (¶ 12) (Miss.2010).
 

 II. Exception for Newly Discovered Evidence
 

 ¶ 9. The only statutory exception asserted by White is one of newly discovered evidence. The successive-writ bar does not apply where a PCR movant shows “he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the-conviction or sentence.” Miss. Code Ann. § 99-39-23(6). • There is also a newly-discovered-evidence exception to the three-year statute of limitations that is, in substance, identical to this provision.
 
 See
 
 Miss.Code Ann. § 99-39-5(2).
 

 ¶ 10. White contends he was under the “strong domination” of another person during the commission of his crimes. And his claim centers on the allegation that he has “new” evidence to prove it. The alleged “new” evidence includes the testimony of family members. However, he neither attached their supporting affidavits to his PCR motion, nor does he explain how the “new”- evidence was not reasonably
 
 *636
 
 discoverable at the time of trial, or how it would be practically conclusive of his innocence. We find these unsupported assertions fall far short of meeting the requirements of the statutory exception for newly discovered evidence.
 

 III. Ineffective Assistance of Counsel
 

 ¶ 11. The procedural bars of the UP-CCRA do not apply to “errors affecting fundamental constitutional rights.”
 
 Rowland,
 
 42 So.3d at 507 (¶ 12). But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar.
 
 Chandler v. State,
 
 44 So.3d 442, 444 (¶8) (Miss.App.2010). “There must at least
 
 appear
 
 to be some basis for the truth of the claim before the [procedural bar] will be waived.”
 
 Id.
 
 (emphasis added).
 

 ¶ 12. To prevail on a claim of ineffective assistance, White must demonstrate: (1) his trial attorney’s performance was deficient, and (2) this deficiency deprived him of a fair trial.
 
 Beene v. State,
 
 910 So.2d 1152, 1155 (¶ 10) (Miss.Ct.App. 2005) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We find White fails to make the required showing on either prong. White has not ensured that the record is adequate to support his assignments of error, as is his responsibility.
 
 Austin v. State,
 
 971 So.2d 1286, 1287 n. 1 (Miss.Ct.App.2008). And he relies merely on his own affidavit and unsupported allegations in his brief, which the Mississippi Supreme Court has found insufficient to establish an ineffective-assistance-of-counsel claim.
 
 See Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995).
 

 ¶ 13. Since there is no support for his claimed exceptions to the several procedural bars, we affirm.
 

 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . Only one of the charging documents, the capital-murder indictment, appears in the official record. The remaining dates cited here come from a 1996 order dismissing one of White’s prior PCR motions.