CARLTON, J.,
 

 for the Court:
 

 ¶ 1. Kelly Mann appeals the Leake County Circuit Court order denying his motion for post-conviction relief (PCR). Mann raises the following assignments of error, which we restate for clarity: (1) whether the trial court erred by failing to advise him of his constitutional right to confront his accuser in violation of the 5th and 14th Amendments to the United States Constitution and Article 3, § 14 of the Mississippi Constitution; (2) whether the trial court possessed subject-matter jurisdiction to convict him of murder and armed robbery where the grand jury relied upon false evidence to return an indictment against him for capital murder; (3) whether the trial court violated Rule 11 of the Federal Rules of Criminal Procedure where he allegedly failed to understand the essential elements of capital murder; and (4) whether his 4th, 5th, and 6th Amendment rights were violated due
 
 *565
 
 to his ineffective assistance of counsel. Finding no error, we affirm.
 

 FACTS
 

 ¶2. On May 5, 1998, a Leake County grand jury indicted Mann for the crime of capital murder in violation of Mississippi Code Annotated section 97—3—19(2)(e) (Rev.2006). On August 9,1998, Mann pled guilty to the charges of murder and armed robbery. The trial court sentenced Mann to life in the custody of the Mississippi Department of Corrections (MDOC) for the crime of murder and to a consecutive term of forty years’ imprisonment in the custody of the MDOC for the crime of armed robbery.
 

 ¶ 3. Mann previously filed and was denied post-conviction relief by the trial court on July 2, 1995, and then again, on August 7, 2006.
 
 [1]
 
 Then, on January 19, 2010, Mann filed the present PCR motion seeking to vacate his convictions and sentences, which the trial court denied as a successive writ. Aggrieved, Mann appeals. After reviewing the record before this Court, we find Mann’s PCR motion is indeed time-barred and barred as a successive writ.
 

 STANDARD OF REVIEW
 

 ¶ 4. “When reviewing a lower court’s decision to deny a [motion] for post-conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo.”
 
 Bradley v. State,
 
 919 So.2d 1062, 1063 (¶ 6) (Miss.Ct.App.2005) (citing
 
 Graves v. State,
 
 822 So.2d 1089, 1090 (¶ 4) (Miss.Ct.App.2002)).
 

 DISCUSSION
 

 ¶5. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) generally bars successive PCR motions from our review.
 
 White v. State,
 
 59 So.3d 633, 635 (¶ 6) (Miss.Ct.App.2011) (citing Miss.Code Ann. § 99-39-23(6) (Supp.2010). Mississippi Code Annotated section 99-39-23(6) (Supp.2011)) provides the successive-writ bar for PCR motions. Section 99-39-23(6) states that “any order dismissing the [movant’s] motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” Additionally, we note that “a three-year limitations period applies to claims for relief under the UPCCRA.”
 
 White,
 
 59 So.3d at 635 (¶ 6) (citing Miss.Code Ann. § 99-39-5(2) (Supp.2010)).
 

 ¶ 6. Upon review, we find that Mann’s present PCR motion, which he filed on January 19, 2010, constitutes a successive writ.
 
 See
 
 Miss.Code Ann. § 99-39-23(6). As explained by the trial court in its order denying Mann’s PCR motion, Mann previously was denied post-
 
 *566
 
 conviction relief on July 2, 1995, and then again on August 7, 2006. Furthermore, Mann filed his present PCR motion outside of the three-year statute of limitations, as he is currently challenging his guilty pleas which he entered in 1993.
 
 See
 
 Miss.Code Ann. § 99-39-5(2) (Supp.2011). Therefore, we must determine whether any exceptions to the procedural bars apply to Mann’s case.
 

 ¶7. “The successive-writ bar does not apply where a PCR movant shows ‘he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence.’ ”
 
 White,
 
 59 So.3d at 635 (¶ 9) (quoting Miss.Code Ann. § 99-39-23(6)). “There is also a newly-discovered-evidence exception to the three-year statute of limitations that is, in substance, identical to this provision.”
 
 Id.
 
 (citing Miss.Code Ann. § 99-39-5(2)).
 

 ¶ 8. Mann argues that he possesses newly discovered evidence that was not reasonably discoverable at the time of trial which was of such nature that it would have caused a different result in his convictions. Mann contends that an August 7, 2008 newspaper article shows that Governor Haley Barbour pardoned Willie James Kimble for the 1991 murder of Wilson Roberts. Mann asserts that the deceased Wilson Roberts, referred to in the 2008 newspaper article, is the same Wilson Roberts who was allegedly an eyewitness to and the robbery victim of Mann’s crime of capital murder in 1993.
 

 ¶ 9. After considering whether Mann’s claims met the statutory exception for newly discovered evidence, the trial court found Mann’s PCR motion barred as a successive writ, stating:
 

 ON THIS DAY came Petitioner, Kelly Mann, who petitions this Court for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act,
 
 Miss. Code Ann.
 
 § 99-39-1,
 
 et. seq.
 
 Petitioner entered a guilty plea for murder and armed robbery on August 9, 1993. Petitioner has previously filed and was denied post-conviction relief by this Court on July 2, 1995[,] then again on August 7, 2006, causes number 06-CV-186-LE-G. In this current motion, Petitioner claims to be entitled to post-conviction relief because there is newly discovered evidence. Pursuant to
 
 Miss.Code Ann.
 
 § 99-39-23(6), if newly discovered evidence would likely produce a different result and the proponent shows that the evidence was discovered since the plea, that it could not have been discovered before the plea by the exercise of due diligence, that it is material to the issue, and that it is not merely cumulative, or impeaching, then such evidence justifies a successive challenge.
 

 The newly discovered evidence of which Petitioner discusses is a newspaper article that cites the 1991 murder of a man named Wilson Roberts. Petitioner argues that a man named Wilson Roberts was a purported witness who could testify against Petitioner for the 1993 murder of Bernard Shaw. Petitioner concludes that his guilty plea was induced, in part, by the potential testimony of a witness that Petitioner contends was fabricated.
 

 Having carefully considered this current petition, this Court finds no merit in Petitioner’s claim of newly discovered evidence to justify a successive post-conviction[-]relief motion. Petitioner’s alleged new evidence would not have produced a different result; Petitioner knowingly and voluntarily pleaded guilty to murder and armed robbery. This Court now finds that this current petition represents a successive writ, under
 
 *567
 

 Miss.Code Ann.
 
 § 99-39-23(6) and 99-39-27(9), and has presented an unwarranted burden on this Court and the Circuit Clerk’s office. Therefore, this Court again denies Kelly Mann any post-conviction relief and orders that any future requests for post-conviction relief received from Kelly Mann must be approved by this Court before being filed by the Clerk.
 

 ¶ 10. As recognized by the trial court, Mann’s proffer fails to constitute either newly discovered evidence or evidence that would have caused a different result. We note that the movant possesses the burden to show that he has met a statutory exception,
 
 see Adams v. State,
 
 954 So.2d 1051, 1053 (¶ 7) (Miss.Ct.App.2007), and in the present case, Mann has failed to present evidence of facts to satisfy the requirements of the statutory exception for newly discovered evidence.
 

 ¶ 11. Additionally, we find that the procedural bar against successive writs applies to Mann’s subsequent assignments of error concerning his constitutional rights, because mere assertions of constitutional-rights violations are insufficient to establish that a violation of his fundamental constitutional rights occurred.
 
 See White,
 
 59 So.3d at 636 (¶ 11) (“The procedural bars of the UPCCRA do not apply to ‘errors affecting fundamental constitutional rights.’ ... [However,] mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar.”) (internal citations omitted).
 

 ¶ 12. Based on the forgoing, we affirm the trial court’s denial of Mann’s PCR motion.
 

 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR.
 

 [1]
 

 . This information is provided to this Court by the trial court’s May 21, 2010 order in the record. We note, however, that this Court in
 
 Mann v. State,
 
 2 So.3d 743, 745 (¶ 3) (Miss.Ct. App.2009) provided that Mann filed a PCR motion on October 27, 1994, which was denied after an evidentiary hearing on July 24, 1995. In
 
 Mann,
 
 this Court further explained that on November 6, 1997, the supreme court affirmed the trial court’s decision to deny Mann’s PCR motion.
 
 Id.
 
 (citing
 
 Mann
 
 v.
 
 State,
 
 703 So.2d 861 (Miss.1997)). Additionally, this Court in
 
 Mann, 2
 
 So.3d at 745 (¶ 4), stated that Mann then filed a PCR motion to vacate and set aside his conviction and sentence on August 7, 2006, which the trial court dismissed as time-barred and as a successive writ on August 20, 2007, after an evidentiary hearing. On February 3, 2009, this Court affirmed the trial court’s order of dismissal.
 
 Id.
 
 at 746 (¶ 11). For purposes of today’s discussion, we will use the dates provided to this Court by the trial court’s order denying Mann's present PCR motion.