# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00751-COA

TERRANCE O. JOHNSON A/K/A TERRANCE ORLANDO JOHNSON A/K/A TERRANCE JOHNSON A/K/A TERRENCE O. JOHNSON A/K/A TERRENCE ORLANDO JOHNSON                    APPELLANT

v.

STATE OF MISSISSIPPI                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/10/2016 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TERRANCE O. JOHNSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/06/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND WESTBROOKS, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     Terrance Johnson appeals the denial of his motion for postconviction relief (PCR). Finding no merit to Johnson's claim that he was mentally incompetent to plead guilty, we affirm.

## PROCEDURAL HISTORY

¶2.     On October 22, 2012, in the Madison County Circuit Court, Johnson pleaded guilty to two counts of sale of cocaine, one of which was committed within 1,500 feet of a school.

The judgment of conviction was entered October 24, 2012. His sentence totaled sixty years, with thirty years to serve in the custody of the Mississippi Department of Corrections and five years of postrelease supervision.

¶3. On May 2, 2016, Johnson filed a PCR motion, alleging his sentence is illegal, his plea was involuntary, and his trial counsel was ineffective. The trial court denied Johnson's PCR motion. On appeal, Johnson argues that he was not competent to enter a guilty plea.

## STANDARD OF REVIEW

¶4. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

¶5. In his only issue on appeal, Johnson argues that he was not competent to enter a guilty plea. Johnson contends the trial court should have questioned his competency due to his mental-health issues.

¶6. The State contends Johnson's PCR motion is subject to the time-bar in Mississippi Code Annotated section 99-39-5(2) (Rev. 2015). Section 99-39-5(2) states a PCR motion must be filed "within three (3) years after entry of the judgment of conviction." The judgment of conviction was entered October 24, 2012. Johnson filed his PCR motion May 2, 2016, outside the three-year time limitation. Johnson did not assert any statutory exceptions to the time-bar. *See White v. State*, 59 So. 3d 633, 635 (¶8) (Miss. Ct. App. 2011).

2

Regardless of any bar, we will address the merits of Johnson's claim.

¶7.    Uniform Rule of Circuit and County Court 9.06 states in part: "If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination . . . ." Whether a reasonable ground exists "to believe that a defendant is incompetent to stand trial rests largely within the discretion of the trial [court]." *Harden v. State*, 59 So. 3d 594, 601 (¶14) (Miss. 2011) (quoting *Goff v. State*, 14 So. 3d 625, 644 (¶66) (Miss. 2009)). "On review, the pertinent question is whether 'the trial [court] received information which, objectively considered, should reasonably have raised a doubt about [the] defendant's competence and alerted him to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense.'" *Id*. (quoting *Goff*, 14 So. 3d at 644 (¶66)).

¶8.    During his plea hearing, Johnson stated that he had been prescribed two medications to treat his bipolar disorder and schizophrenia. The trial court asked Johnson questions regarding his medications, including the name of the medications and whether they interfered with his ability to understand the proceedings. Johnson stated that neither the medications nor his mental conditions impacted his ability to understand the proceedings. He also admitted he was guilty of the crimes charged. Further, Johnson's trial counsel stated that, based upon prior conversations with Johnson, he believed Johnson was competent to enter a guilty plea. At no point did Johnson's trial counsel indicate the need for a mental evaluation.

¶9. In its order denying Johnson's PCR motion, the trial court found Johnson's plea voluntary "[b]ased upon the [c]ourt's observation of Johnson during the proceeding, his answers during [questioning], and his [trial] counsel's opinion as to [Johnson's] competency . . . ." The trial court further stated, "If the [c]ourt ha[d] a reasonable ground to believe that Johnson was incompetent to stand trial or enter a guilty plea, the [c]ourt would have, on its own motion, ordered a mental evaluation." Based on the foregoing, we cannot say that the trial court erred in accepting Johnson's guilty plea.

¶10. **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**