# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01665-COA

**CRAYTONIA LATROY BADGER A/K/A CRAYTONIA BADGER A/K/A CRAYTONIA L. BADGER**                                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/01/2016 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CRAYTONIA LATROY BADGER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/22/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1. Craytonia Badger appeals the Copiah County Circuit Court's dismissal of his motion for postconviction relief (PCR) as time-barred. Finding no error, we affirm.

## FACTS

¶2. On November 10, 2009, a jury found Badger guilty of the burglary of a business. On November 23, 2009, the circuit court sentenced Badger as a habitual offender to life imprisonment in the custody of the Mississippi Department of Corrections (MDOC) without the possibility of parole. By order entered July 13, 2010, this Court remanded the case for a rehearing. Upon rehearing, the circuit court found that the State failed to meet the burden

of proof required to sentence Badger as a habitual offender. As a result, on September 16, 2010, the circuit court entered an order vacating Badger's life sentence and resentencing him to seven years in MDOC's custody. Badger was released from MDOC's custody in July 2014.

¶3. On October 31, 2016, Badger filed the instant PCR motion. In his motion, Badger asserted (1) the State withheld evidence from the defense that would have proven his innocence; and (2) his trial attorney provided ineffective assistance of counsel. On November 2, 2016, the circuit court dismissed Badger's PCR motion as time-barred. Aggrieved, Badger appeals. On appeal, he reasserts his argument that the State withheld exculpatory evidence from the defense. He also argues that the circuit court erroneously denied his request for the jurors' personal information.

## STANDARD OF REVIEW

¶4. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Thinnes v. State*, 196 So. 3d 204, 207-08 (¶10) (Miss. Ct. App. 2016) (quoting *Carson v. State*, 161 So. 3d 153, 155 (¶2) (Miss. Ct. App. 2014)).

## DISCUSSION

¶5. Where a defendant files no direct appeal from his judgment of conviction and sentence, the Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides him with "three (3) years after the time for taking an appeal from the judgment of conviction or

sentence has expired" to file a PCR motion. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). The circuit court originally sentenced Badger in November 2009 and then resentenced him just over a year later in September 2010. However, Badger waited until October 2016—over six years after his resentencing—to file his PCR motion. Because Badger filed his PCR motion well outside the three-year time period established by section 99-39-5(2), his motion is time-barred unless he can demonstrate that an exception applies. *See id.*

¶6. "The burden falls on the movant to show he has met a statutory exception." *White v. State*, 59 So. 3d 633, 635 (¶8) (Miss. Ct. App. 2011) (citing *Adams v. State*, 954 So. 2d 1051, 1053 (¶7) (Miss. Ct. App. 2007)). Pursuant to section 99-39-5(2), the six following exceptions exist: (1) an intervening decision from the United States or Mississippi Supreme Court that would adversely affect the outcome of the movant's conviction or sentence; (2) newly discovered evidence not reasonably discoverable at trial that would likely have caused a different result in the movant's conviction or sentence; (3) biological evidence demonstrating the movant would likely not have been convicted or would have received a lesser sentence; (4) the movant's sentence is expired; (5) the movant's probation, parole, or conditional release has been unlawfully revoked; or (6) the motion occurs in a capital case and is filed within a year after the movant's conviction.

¶7. Our caselaw also recognizes that "errors affecting fundamental constitutional rights" are excepted from the UPCCRA's time-bar. *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). However, "mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *White*, 59 So. 3d at 636 (¶11) (citing *Chandler v. State*, 44

3

So. 3d 442, 444 (¶8) (Miss. Ct. App. 2010)).  Instead, "[t]here must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Id.*

¶8.     In the present case, Badger's PCR motion contains nothing more than his own mere assertions to support his claims.  As our caselaw demonstrates, this is insufficient to meet his burden to show that an exception applies to the UPCCRA's time-bar. *See id.*  We therefore find no error in the circuit court's dismissal of his motion as time-barred.

¶9.     **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**