# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01445-COA

**DENNIS JEROME BEAL A/K/A DENNIS BEAL**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

DATE OF JUDGMENT:           09/18/2017
TRIAL JUDGE:                HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:  MADISON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:    JOHN PRINCE MARTIN
                            C. R. MONTGOMERY
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                            BY: JEFFREY A. KLINGFUSS
NATURE OF THE CASE:         CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                REVERSED AND REMANDED: 12/11/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., CARLTON AND FAIR, JJ.

### FAIR, J., FOR THE COURT:

¶1.     Dennis Beal was convicted of the sale of 0.10 gram worth of cocaine for thirty dollars and sentenced to serve sixty years as a habitual offender without eligibility for parole. The trial court also imposed a $2,000,000 fine. This Court affirmed Beal's conviction on direct appeal. *Beal v. State*, 134 So. 3d 383, 387 (¶21) (Miss. Ct. App. 2014).

¶2.     After the filing of Beal's direct appeal, however, the supreme court reversed the bribery conviction supporting Beal's habitual-offender enhancement. *Beal v. State*, 86 So. 3d 887, 889-90 (¶¶1-8) (Miss. 2012) (reversing conviction for bribery arising out of the same underlying drug sale incident). The State did not retry the charge. Beal later sought leave

to file a post-conviction relief (PCR) motion, and the supreme court granted the request for leave to proceed in circuit court. After a hearing, the circuit court granted Beal's PCR motion. The circuit then held a resentencing hearing and removed the habitual-offender enhancement. Nevertheless, the court resentenced Beal to serve sixty years in the custody of the MDOC, reducing the fine and making no mention of parole or other statutes allowing reduction of incarceration.

¶3. However, because the circuit court failed to make specific findings of fact and conclusions of law relating to each issue presented in accordance with Mississippi Code Annotated section 99-39-23(5) (Rev. 2015), we must reverse and remand for resentencing with the required discussion of the errors asserted in Beal's PCR motion.

## STANDARD OF REVIEW

¶4. It is well settled that when reviewing judgments regarding PCR motions, "[w]e will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Mann v. State*, 2 So. 3d 743, 745 (¶5) (Miss. Ct. App. 2009). Questions of law are reviewed de novo. *Id*.

## DISCUSSION

¶5. Section 99-39-23(5) provides that:

> If the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the conviction or sentence under attack, and any supplementary orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence or other matters that may be necessary and proper. *The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented.*

2

(Emphasis added).

¶6. Beal's PCR motion asserted that: (1) the reversal of one of the two prior convictions supporting his habitual-offender enhancement voids it for purposes of his "little habitual" sentencing enhancement; (2) the State cannot rely upon other purported convictions to support his habitual-offender enhancement, as failure to list such convictions in the indictment constitutes a fundamental defect; and (3) Beal is entitled to resentencing wherein he shall not be subjected to a mandatory maximum sentence as a habitual offender, will receive a proportionality review, and will be eligible for parole. During the hearing, the circuit judge stated the following:

> All right. I'm familiar with the proceedings. The bottom line is [] that [] Beal was tried and convicted of sale of cocaine, as a subsequent drug offender and as a habitual offender; and the basis of your motion for relief is that one of the two convictions that the State used to charge [Beal] as a habitual offender was a bribery conviction, that was subsequent to the trial on sentencing in this case, was reversed on appeal, so the issue was back before the court . . . as it related to the habitual offender portion and to resentence him as a non-habitual offender . . . .
>
> I don't believe the State, although he had other felony convictions . . . could come back and amend the indictment post-trial, post-appeal, to include in the charging instrument a charge that wasn't there originally . . . I believe that, based upon my understanding of the law, that because the [bribery] conviction was set aside, the post-conviction matter is well taken . . . .

The circuit judge later signed an order prepared by Beal's counsel, but striking a portion thereof, as follows:

> [T]he Court hereby GRANTS post-conviction relief, ~~and will issue specific findings of fact and conclusions of law to follow entry of this Order~~. Further, this Court will hold a new sentencing hearing wherein Beal shall not be

3

sentenced as a habitual offender . . . Beal's Motion should be and hereby is, GRANTED, ~~with this court to issue specific findings of fact and conclusions of law following entry of this Order~~.

The struck-through areas were initialed by the circuit judge.

¶7.     The court held a resentencing hearing one month later.  Following the hearing, both the previously signed order granting Beal's PCR motion and the resentencing order were filed.  The circuit court never addressed, on the bench or in either of its orders, Beal's third issue—specifically his request to receive a proportionality review.  In accordance with section 99-39-23(5), we find the court's failure to do so amounts to reversible error.  Thus, we reverse and remand so that the circuit court can address Beal's request for a proportionality review.

¶8.     **REVERSED AND REMANDED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**