# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01585-COA

**BRUCE LAWRENCE**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/19/2018 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BRUCE LAWRENCE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/22/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., McDONALD, McCARTY AND C. WILSON, JJ.

### McDONALD, J., FOR THE COURT:

¶1.     In 2003, an Oktibbeha County grand jury indicted Bruce Lawrence for the murder of Lillian Ingram and for felony driving-under-the-influence (DUI) because he had been convicted of DUI on two prior occasions. His trial began in April 2004. After the State presented its case-in-chief, Lawrence decided to plead guilty to murder. After the court accepted his plea, the felony DUI charge was retired to the file, and the court sentenced Lawrence to life imprisonment. On October 2, 2018, Lawrence filed his second motion for post-conviction relief (PCR), which the Oktibbeha County Circuit Court summarily denied. From the court's judgment, Lawrence appeals. Finding that Lawrence's PCR motion is time-barred and successive-writ-barred, we affirm.

**Facts**

¶2.     The relevant facts are found in our opinion in which we affirmed the denial of Lawrence's first PCR motion. *Lawrence v. State*, 970 So. 2d 1291 (Miss. Ct. App. 2007). Lawrence was indicted on January 28, 2003, for murder and felony DUI. The two offenses were charged in a single indictment, with each offense detailed with statutory references and ending with the words "contrary to the form of the statute in such cases and made and provided, and against the peace and dignity of the State of Mississippi."

¶3.     Lawrence was appointed counsel who advised him throughout the pre-trial process and at trial. After the State presented its case-in-chief, Lawrence and his attorney conferred and Lawrence decided to plead guilty to murder. Lawrence later sought in his first PCR motion to have his guilty plea set aside. He said he only pleaded guilty because his lawyer told him he would be sentenced to serve twenty years. He reasoned that his guilty plea was involuntary and his attorney was ineffective. But at his plea hearing on April 27, 2004, prior to accepting the plea, the court thoroughly questioned Lawrence regarding knowledge of the consequences of pleading guilty. In his petition to plead guilty, Lawrence attested that he was pleading guilty freely and voluntarily. He acknowledged that his counsel had done everything he could to assist him and that if counsel told him that he might receive a lighter sentence, counsel's prediction was not binding on the court. The court's questions to Lawrence covered, among other things, the rights Lawrence was waiving. Lawrence testified that he understood that there was only one sentence for the crime of murder—life imprisonment. He also said he was satisfied with the advice and assistance of his attorney.

We affirmed the circuit court's judgment summarily denying Lawrence's first PCR motion.

¶4. On October 2, 2018, Lawrence filed his second PCR motion. He claimed that the indictment was defective and his attorney was ineffective for not challenging it. On October 19, 2018, the court found that the PCR motion was filed past the three-year statute of limitations provided in Mississippi Code Annotated section 99-39-5(2) (Rev. 2015). In addition the court found that the PCR motion met none of the exceptions to the statute of limitations and denied relief.

¶5. Lawrence appeals the court's order, arguing that the indictment was defective and that he was not afforded effective counsel. We find no error by the circuit court and affirm its denial of Lawrence's PCR motion.

## Standard of Review

¶6. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if the trial court abused its discretion and the decision is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Green v. State*, 242 So. 3d 176, 178 (¶5) (Miss. Ct. App. 2017).

## Discussion

¶7. The Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides "an exclusive and uniform procedure for the collateral review of convictions and sentences." Miss. Code Ann. § 99-39-3(1) (Rev. 2015). Lawrence was obligated to file his PCR motion within three years of the entry of his judgment of conviction. Miss. Code Ann. § 99-39-5(2)

3

(Rev. 2015).  There are statutory exceptions to the three-year statute of limitations,[1] but none

of them apply here.  *Id.*

¶8.    Violations of four types of fundamental rights also survive PCR procedural time-bars:

"(1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3)

the right to due process at sentencing; and (4) the right not to be subject to ex post facto

laws."  *Putnam v. State*, 212 So. 3d 86, 92 (¶16) (Miss. Ct. App. 2016).  But this is not an

exhaustive list.  The recent case of *McCoy v. State*, No. 2017-M-01735, 2019 WL 1578752,

at *1 (Miss. Mar. 26, 2019), illustrates that "ineffective assistance of counsel can constitute

an exception to the waiver and successive-bars."  "But mere assertions of constitutional-

rights violations do not suffice to overcome the procedural bar."  *White v. State*, 59 So. 3d

633, 636 (¶11) (Miss. Ct. App. 2011).  "There must at least appear to be some basis for the

truth of the claim before the procedural bar will be waived."  *Id.*  The burden of proving that

one of these exceptions applies is on the movant.  *Brandon v. State*, 108 So. 3d 999, 1004 n.3

(Miss. Ct. App. 2013).

¶9.    In this case, Lawrence pleaded guilty on April 27, 2004.  He filed his second PCR

motion on October 2, 2018, long after the three-year statute of limitations period had run.

In his second PCR motion, Lawrence raises no issue that falls into one of the statutory

exceptions.  The case he relies upon concerning his defective indictment, *McNeal v. State*,

---

[1] These include, among others and under the specific circumstances provided in the statute: (1) "an intervening decision of the Supreme Court of either the State of Mississippi or the United States . . ."; (2) new evidence "not reasonably discoverable at the time of trial . . ."; (3) expiration of the sentence; or (4) unlawful revocation of probation, parole, or conditional release.  Miss. Code Ann. § 99-39-5(2)(a)-(b).

658 So. 2d 1345 (Miss. 1995), is a preceding, not an intervening, supreme court decision. He raises no newly discovered evidence, and his sentence has not expired. Therefore we find that the court correctly held that Lawrence's second PCR motion was time-barred.

¶10. The UPCCRA also imposes a bar against successive writs. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). A movant is granted one bite at the apple, so he must "place before the court all claims known to him and/or of which he should have had knowledge." *Salter v. State*, 184 So. 3d 944, 951 (¶24) (Miss. Ct. App. 2015). "The failure to do so results in a loss of his claims for a second or successive petition." *Id.* Because this is Lawrence's second PCR motion, it is also barred under the successive-writs prohibition, including his claim of ineffective counsel.

## Conclusion

¶11. Finding Lawrence's second PCR motion both time-barred and successive-writ-barred, the court's denial of his PCR motion is hereby affirmed.

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**