BARNES, J.,
for the Court:
¶ 1. After Jamie Triste pleaded guilty to burglary of a dwelling, the Circuit Court of Itawamba County sentenced her to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC), with nineteen years suspended and five years of post-release supervision. Triste filed a motion for post-conviction relief, claiming that her twenty-five year sentence was illegal as it exceeded the maximum sentence allowed by law. The circuit court denied Triste’s motion, and she now appeals. Finding no error, we affirm.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Triste divorced her husband, Daniel Triste, in 2006. The couple had one four-year-old son born of the marriage. In February 2007, Triste gave birth to a daughter, the result of an affair with Daniel’s half-brother. Because Triste and Daniel had been attempting to reconcile their marriage, Daniel persuaded Triste to sign a consent to adopt on February 16, 2007, and give the newborn up for adoption to a couple with whom Daniel was acquainted, Jennifer and Matt Erickson. Triste began to experience severe postpartum depression during the next few months, and she sought treatment through counseling. Triste, regretting her voluntary relinquishment of her parental rights over her daughter, attempted to regain legal custody of the child through letters and inquiries since no formal adoption papers had been filed. However, Triste never instituted any legal action to assist her in this endeavor.
¶ 3. After discussing her distress over the situation, Triste, along with her father and an acquaintance, Amanda Bell, went to the home of the Ericksons on July 21, 2007, with the sole purpose of abducting the baby girl. Bell and Triste’s father illegally entered the front door, and Bell held a gun to Jennifer’s head. The Erick- *118 sons’ other child, a six-year-old boy, began crying and screaming. While this was occurring, Triste came through the back door and abducted the baby. The baby was soon recovered by the authorities and returned to the Ericksons.
¶ 4. On December 20, 2007, Triste was indicted on charges of burglary with intent to assault, kidnapping, assault, and burglary of a dwelling. As part of a plea agreement, Triste pleaded guilty to burglary of a dwelling and kidnapping. The State made no recommendation to the circuit court as to any sentence. On February 23, 2009, the circuit judge sentenced Triste to twenty-five years in the custody of the MDOC for the burglary conviction, with six years to serve, nineteen years suspended, and five years of post-release supervision. A $1,000 fine was also imposed. Although not at issue in this appeal, Triste also received a thirty-year sentence for the kidnapping conviction, which was suspended pending her successful completion of the conditions of her post-release supervision.
¶ 5. Triste filed a motion for post-conviction relief, claiming that the sentence for her burglary conviction exceeded the maximum sentence allowed by statute. On June 14, 2010, the circuit court denied Triste’s motion. We find no merit to Triste’s appeal and affirm the circuit court’s judgment.
STANDARD OF REVIEW
¶ 6. This Court will not disturb a circuit court’s decision to deny a motion for post-conviction relief unless the “factual findings ... are found to be clearly erroneous.” Holloway v. State, 31 So.3d 656, 657 (¶ 5) (Miss.Ct.App.2010) (quoting Moore v. State, 986 So.2d 928, 932 (¶ 13) (Miss.2008)). Question of law, however, are review de novo. Id.
I. Whether the sentence for Triste’s burglary conviction exceeded the maximum sentence allowed by law.
¶ 7. Triste claims that the sentence imposed by the circuit court for her conviction of burglary of a dwelling exceeded the maximum sentence allowed by law. Mississippi Code Annotated section 97-17-23 (Rev.2006) states:
Every person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein, shall be punished by commitment to the custody of the Department of Corrections for not less than three (3) years nor more than twenty-five (25) years.
(Emphasis added). Triste asserts that her sentence, which consists of six years to serve, nineteen years suspended, and five years of post-release supervision, is a thirty-year sentence; thus, it exceeds the twenty-five year maximum mandated by the statute.
¶ 8. We find no merit to Triste’s argument. Mississippi Code Annotated section 47-7-34(1) (Rev.2004) provides that “the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed.” However, Triste’s sentence merely requires her to spend six years incarcerated and five years on post-release supervision; therefore, her sentence does not violate section 47-7-34(1). In Fluker v. State, 2 So.3d 717, 720 (¶ 9) (Miss.Ct.App.2008), this Court explained that a defendant’s post-release supervision is “inherent” in the years that were suspended “and not separate from *119 it.” Accordingly, Triste’s five years of post-release supervision are not in addition to the nineteen years suspended by the circuit court; rather, they are included in the nineteen years. Accordingly, Triste’s sentence for burglary of a dwelling does not exceed the maximum sentence allowed by law.
II. Whether the circuit court erred in imposing a $1,000 fine.
¶ 9. Triste also contends that the circuit court’s order of a $1,000 fine was not authorized under section 97-17-23. While it is true the burglary statute does not provide for a fine, the circuit court was within its authority to impose a fine under Mississippi Code Annotated section 99-19-32(1) (Rev.2007), which states:
Offenses punishable by imprisonment in the State Penitentiary for more than one (1)year and for which no fine is provided elsewhere by statute may be punishable by a fine not in excess of Ten Thousand Dollars ($10,000.00). Such fine, if imposed, may be in addition to imprisonment or any other punishment or penalty authorized by law.
At Triste’s plea hearing, the State clearly stated that the maximum penalty for burglary of a dwelling “is a term of 25 years and a fine of $10,000. There is a minimum sentence of three years. There’s no minimum fine.” It was also noted that a maximum fine of $10,000 also could be imposed for the kidnapping conviction. Triste told the circuit court that she understood the potential maximum fines. Therefore, Triste was aware prior to the entry of her guilty plea that the circuit court had the authority to impose a fine between $0 and $10,000. This issue is without merit.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITA-WAMBA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.