ROBERTS, J.,
for the Court:
¶ 1. Julian R. Desemar Jr. appeals the Harrison County Circuit Court’s decision to summarily dismiss his motion for post-conviction relief (PCR). Having been sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended and five years to serve, followed by five years of post-release supervision, Desemar argues that his sentence is illegal because it exceeds the fifteen-year maximum sentence for touching a child for lustful purposes. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In May 2006, Desemar was indicted for three counts of touching a child for lustful purposes. On February 7, 2007, Desemar pled guilty to one count of touching a child for lustful purposes. Per a plea-bargain agreement, the prosecution recommended that the circuit court sentence Desemar to fifteen years in the custody of the MDOC, with ten years suspended and five years to serve, followed by five years of post-release supervision. In exchange, the prosecution would not pursue the other two counts against Desemar. The circuit court sentenced Desemar according to the prosecution’s recommendation.
¶ 3. On April 8, 2011, Desemar filed a PCR motion. Desemar claimed his sentence was illegal because it exceeded the fifteen-year maximum sentence for touching a child for lustful purposes. Dese-mar’s calculation was based on the possibility that he could serve his initial five-year sentence and then violate a term of post-release supervision. Desemar argued that he could possibly then have to serve fifteen years in MDOC custody plus an additional five years of post-release supervision.
¶ 4. The circuit court summarily dismissed Desemar’s PCR motion because it was untimely and it lacked merit. Dese-mar appeals. He reiterates his claim that his sentence is illegally excessive.
STANDARD OF REVIEW
¶ 5. “This Court will not disturb a trial court’s dismissal of a petition for post-conviction relief unless the trial court’s decision was clearly erroneous.” Wardley v. State, 37 So.3d 1222, 1223-24 (¶ 4) (Miss. Ct.App.2010).
ANALYSIS
¶ 6. First and foremost, Desemar’s PCR motion was untimely. Desemar should have filed his PCR motion within three years of the circuit court’s entry of its judgment of conviction. Miss. Code *281 Ann. § 99-39-5(2) (Supp.2011). On February 8, 2007, the circuit court entered its judgment of conviction, which was styled as a “sentencing and probation order.” Desemar filed his PCR motion on April 8, 2011. Consequently, Desemar’s PCR motion was more than a year too late.
¶ 7. Section 99-39-5(2) does not necessarily subject all PCR motions to a three-year statute of limitations. Trotter v. State, 907 So.2d 397, 401 (¶ 10) (Miss.Ct. App.2005). Excepted from the time bar are claims that: (1) there has been an intervening decision that would have adversely affected the outcome of the sentence; and (2) there is newly discovered evidence (that was not reasonably discoverable at trial) which would have caused a different result in the conviction or sentence. Miss.Code Ann. § 99-39-5(2). Additionally, the supreme court has held that the three-year statute of limitations is waived when a fundamental constitutional right is implicated. Rowland v. State, 42 So.3d 503, 507 (1F12) (Miss.2010). “The right to be free from an illegal sentence is a fundamental right.” Brown v. State, 923 So.2d 258, 259 (¶ 4) (Miss.Ct.App.2006) (citation omitted).
¶ 8. Desemar claims that his sentence is illegally excessive. Mississippi Code Annotated section 97-5-23(1) (Rev. 2006) provides:
Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child’s consent ... shall be guilty of a felony and, upon conviction thereof, shall be ... committed to the custody of the State Department of Corrections not less than two (2) years nor more than fifteen (15) years....
Desemar notes that Mississippi Code Annotated section 47-7-34(1) (Rev.2004) provides that “the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed.” The circuit court sentenced Desemar to fifteen years in the custody of the MDOC, with ten years suspended and five years to serve, followed by five years of post-release supervision.
¶ 9. The circuit court’s sentence is clearly not excessive. A five year sentence followed by five years of post-release supervision is undeniably less than the fifteen-year maximum sentence for touching a child for lustful purposes. But according to Desemar, his sentence could be illegally excessive under a particular set of circumstances. The fact remains that Desemar’s sentence, as is, is not illegally excessive. See Triste v. State, 84 So.3d 809, 811 (¶ 6) (Miss.Ct.App.2011). There is no merit to Desemar’s claim.
¶10. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.