ROBERTS, J.,
for the Court:
¶ 1. On June 3, 2008, Robert Dickens pled guilty to one count of sexual battery in the Itawamba County Circuit Court. He was sentenced to thirty years in the custody of the Mississippi Department of Corrections (MDOC), with fifteen years suspended and five years of post-release supervision (PRS). Dickens filed a motion for post-conviction relief (PCR) on March 20, 2012, attacking the voluntariness of his plea and the legality of his sentence. The circuit court summarily dismissed this motion on April 16, 2012, and Dickens executed the current appeal. Finding no error, we affirm the circuit court’s judgment summarily dismissing Dickens’s PCR motion.
*1143 FACTS AND PROCEDURAL HISTORY
¶2. In December 2007, an Itawamba County grand jury indicted Dickens on one count of sexual battery for placing his penis inside Keisha Johnson Davis’s vagina against her will. Then, on June 3, 2008, Dickens appeared before the circuit court and entered a plea of guilty to the count of sexual battery charged in the indictment. At his guilty-plea hearing, Dickens confirmed that his plea was freely and voluntarily given, and that he was not threatened in any way to plead guilty. He also acknowledged the constitutional rights he was waiving by pleading guilty. The circuit court also explained that the maximum sentence for the crime of sexual battery was thirty years in the custody of the MDOC. The State then recommended that the circuit court sentence Dickens to thirty years in the custody of the MDOC, with fifteen years to serve day-for-day, fifteen years suspended, and five years of PRS.
¶ 3. The circuit court accepted Dickens’s guilty plea and specifically found that Dickens “knowingly, understandingly, freely, and voluntarily entered this plea of guilty[, and] that there is a factual basis for that plea.” The circuit court imposed the State’s recommended sentence of thirty years in the custody of the MDOC, with fifteen years to serve, fifteen years suspended, and five years of PRS.[1]
¶ 4. Dickens filed a PCR motion on March 20, 2012, attacking his guilty plea and sentence. The circuit court summarily dismissed Dickens’s PCR motion on April 16, 2012. In its order summarily dismissing the PCR motion, the circuit court stated that Dickens was time-barred from filing his motion and that only his claim of an illegal sentence was excepted from the time-bar. The circuit court further found that Dickens’s claim that his sentence was illegal because it exceeded the maximum sentence authorized by law had no merit.
¶ 5. Based upon the summary dismissal of his PCR motion, Dickens executed the current appeal. He raises the following four issues for our review:
I. Whether the [circuit] court erred [in finding that Dickens’s PCR motion was time barred.]
II. Whether the [circuit] court erred in not granting [Dickens] a[n evi-dentiary] hearing[.]
III. Whether the [circuit] court erred in not conducting a full-scale [evi-dentiary] hearing[,] also whether to ... allow [an] out[-]of[-]time [PCR motion.]
IV. Whethe[r Dickens] ha[d] the right to [submit] ... evidence and testimony that [petitioner] had hired a[n] attorney to file his [PCR] motion[.]
ANALYSIS
¶ 6. The circuit court may summarily dismiss a PCR motion where “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Supp.2012). This Court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate “a claim procedurally alive substantially showing *1144 the denial of a state or federal right.” Robinson v. State, 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009).
¶ 7. Additionally, Dickens’s PCR motion is time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Supp.2012), which states: “A motion for relief under this article shall be made ... in [the] case of a guilty plea, within three (3) years after entry of the judgment of conviction.” There are three exceptions to this time-bar:
(a)(i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or
(ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.
(b) Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
Id. There is no doubt that Dickens filed his PCR motion three years and ten months after he entered his guilty plea; thus, he is procedurally barred from challenging the validity of his guilty plea. His challenge to the validity of his guilty plea does not fall into one of the above exceptions to the time-bar. Dickens claims that the death of his attorney was the reason that his PCR motion was not timely filed; however, a review of the record shows that his attorney died on September 5, 2011. His attorney’s death occurred after the three-year period to file his PCR motion had expired on June 3, 2011. Therefore, his attorney’s death after the expiration of the time period did not prejudice him nor does it entitle him to additional time to file a PCR motion.
¶ 8. Dickens’s claim that his sentence is illegal is a valid exception to the time-bar. “[T]he supreme court has held that the three-year statute of limitations is waived when a fundamental constitutional right is implicated,” and “[t]he right to be free from an illegal sentence is a fundamental right.” Desemar v. State, 99 So.3d 279, 281 (¶ 7) (Miss.Ct.App.2012) (internal citations omitted). However, “mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar.” Hughes v. State, 106 So.3d 836, 839 (¶ 8) (Miss.Ct.App.2012) (quoting White v. State, 59 So.3d 633, 636 (¶ 11) (Miss.Ct.App.2011)). Dickens claims that his sentence of thirty years, with fifteen years suspended, and five years of PRS is a total of thirty-five years and exceeds the maximum sentence authorized by Mississippi Code Annotated section 97-3-101(1) (Rev. 2006). Section 97-3-101(1) provides that the maximum sentence for sexual battery is thirty years to serve. In Triste v. State, 77 So.3d 116, 118 (¶ 8) (Miss.Ct.App.2011), *1145 this Court held that Jamie’s Triste’s sentence of six years to serve, nineteen years suspended, and five years of PRS did not violate the statutory maximum of twenty-five years for the burglary of a dwelling. We stated: “Triste’s five years of [PRS] are not in addition to the nineteen years suspended by the circuit court; rather, they are included in the nineteen years.” Id.
¶ 9. In the present case, the statutory maximum was thirty years in the custody of the MDOC. Dickens was sentenced to thirty years, with fifteen years to serve, fifteen years suspended, and five years of PRS. Thus, under Triste, Dickens’s total sentence is thirty years, and it is within the statutorily authorized sentence. Once Dickens serves his initial fifteen years and is discharged by the MDOC, he will be on PRS with the circuit court for five years. During that five-year period, if he should violate the conditions of his PRS, the circuit court could enforce its previously suspended sentence and order Dickens to serve up to fifteen more years in custody. Dickens is never in jeopardy of serving more than thirty years in the custody of the MDOC for sexual battery. Therefore, this issue is without merit.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITA-WAMBA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.

. At the same time, Dickens was sentenced on another cause number after pleading guilty to one count of burglary of a dwelling. He was sentenced to twenty-five years in the custody of the MDOC on this charge, with ten years suspended. The sentence for burglary of a dwelling was ordered to run concurrently to the sentence imposed in the present case. Dickens’s guilty plea and sentence in the burglary of a dwelling charge is not at issue before us.