LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On November 8, 2006, Kerry Hamlett pleaded guilty to burglary of a *395 dwelling and was sentenced to twenty-five years, with twelve years to serve in the custody of the Mississippi Department of Corrections (MDOC), thirteen years suspended, and five years of post-release supervision (PRS). At the same plea hearing, Hamlett also pleaded guilty to fondling and was sentenced to serve eight years in the custody of the MDOC. The fondling sentence was ordered to run concurrently with the sentence imposed for the burglary conviction.
¶2. Hamlett filed a motion for post-conviction relief in the Monroe County Circuit Court on July 80, 2012, which the trial court denied.[1] Hamlett subsequently filed an appeal alleging he received an illegal sentence.
STANDARD OF REVIEW
¶ 3. When reviewing a trial court’s denial or dismissal of a PCR motion, we will only disturb the trial court’s decision if it is clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Hughes v. State, 106 So.Sd 836, 838 (¶4) (Miss.Ct.App.2012).
DISCUSSION
¶ 4. Hamlett contends he received an illegal sentence since his sentence of twenty-five years, with twelve years to serve, thirteen years suspended, and five years of PRS, exceeds the maximum sentence. The maximum sentence for burglary of a dwelling is twenty-five years. Miss.Code Ann. § 97-17-23(1) (Supp.2013).
¶ 5. In Fluker v. State, 2 So.3d 717, 720 (¶ 9) (Miss.Ct.App.2008), this Court explained that Fluker’s “years of post-release supervision were inherent in the ... years that his sentence was suspended and not separate from it.” This Court applied the same rationale in Triste v. State, 77 So.3d 116, 118-19 (¶ 8) (Miss.Ct.App.2011), and Dickens v. State, 119 So.3d 1141, 1145 (¶ 9) (Miss.Ct.App.2013). Hamlett’s five years of PRS are not in addition to the thirteen years suspended but are included in the thirteen years. Hamlett is never in jeopardy of serving more than twenty-five years in the custody of the MDOC for burglary; thus, this issue is without merit.
¶ 6. Hamlett also contends the MDOC has his sentences running consecutively to one another. However, the time sheet from the MDOC included in the record clearly shows Hamlett’s sentences for burglary and fondling are being served concurrently.
¶ 7. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.

. We note that the three-year time-bar to file a motion for post-conviction relief is "waived when a fundamental constitutional right is implicated.” Desemar v. State, 99 So.3d 279, 281 (¶ 7) (Miss.Ct.App.2012). "The right to be free from an illegal sentence is a fundamental right.” Id.