# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00329-COA

ROBERT M. MASSEY A/K/A MATT MASSEY          APPELLANT

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/18/2014 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT M. MASSEY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MELANIE DOTSON THOMAS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED PETITION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/21/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1. Robert M. Massey (pro se) appeals the judgment of the Circuit Court of Jones County denying his petition for post-conviction relief (PCR). Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Massey was indicted for sexual battery in violation of Mississippi Code Annotated section 97-3-95(1)(c) (Rev. 2014). Massey pled guilty to the sexual-battery charge on March 14, 2008. The trial court sentenced Massey to thirty years in the custody of the Mississippi Department of Corrections, with thirteen years to serve and seventeen years suspended upon

the successful completion of four years of post-release supervision and successful completion of the assigned community-service program.

¶3. On January 1, 2014, Massey filed a petition to clarify his sentence, which the trial court treated as a PCR petition. Massey argued that his sentence of four years of post-release supervision violated the maximum sentence of thirty years under section 97-3-95(1)(c). The trial court denied relief. The trial court found that Massey's sentence was proper and did not violate any statutory provisions.

¶4. The trial court stated in its order that the "[p]etitioner claims that the four (4) years of post-release supervision adds four (4) years to the maximum thirty (30) year sentence. However, the four (4) years of post-release supervision is included in the 17 year suspended time, and thus, it does not add to his sentence." The trial court confirmed that the four-year term of post-release supervision is a condition of the suspended seventeen years of Massey's sentence.

## STANDARD OF REVIEW

¶5. In reviewing trial court's decision to deny a PCR petition, an appellate court will not disturb the trial court's factual findings unless they are clearly erroneous. *Rowland v. State*, 42 So. 3d 503, 506 (¶8) (Miss. 2010). We review questions of law de novo. *Id.*

## DISCUSSION

¶6. Although Massey's petition is styled as a "Petition to Clarify Sentence," it takes issue with the legality of his sentence. Thus, Massey's claims are considered grounds for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act. *See Johnson v. State*,

31 So. 3d 647, 649 (¶7) (Miss. Ct. App. 2010).

¶7.    Massey argues that he received an illegal sentence that exceeds the thirty-year statutory maximum of Mississippi Code Annotated section 97-3-101(2)(b) (Rev. 2014) because the four years of post-release supervision and the community service that were included in his sentence are added to the total thirty-year sentence. We disagree.

¶8.    We note at the outset that Massey's petition is untimely because the three-year statute of limitations for filing a PCR petition from his guilty-plea conviction began to run on the date of the entry of his guilty plea. Miss. Code Ann. § 99-39-5(2) (Supp. 2014). However, the right to be free from an illegal sentence is a fundamental right, and the three-year time-bar to filing a PCR petition is waived when a fundamental constitutional right is implicated. *Desemar v. State*, 99 So. 3d 279, 281 (¶7) (Miss. Ct. App. 2012).

¶9.    In *Fluker v. State*, 2 So. 3d 717, 720 (¶9) (Miss. Ct. App. 2008), we held that the defendant's post-release supervision was inherent in the years that the sentence was suspended and not separate from it. Moreover, in *Dickens v. State*, 119 So. 3d 1141, 1145 (¶9) (Miss. Ct. App. 2013), we held that the defendant's sentence of thirty years, with fifteen years to serve, fifteen years suspended, and five years of post-release supervision, was within the statutorily authorized maximum sentence of thirty years. *See also Hamlett v. State*, 134 So. 3d 394, 395 (¶¶4-5) (Miss. Ct. App. 2014) (holding that a sentence of twenty-five years, with twelve years to serve, thirteen years suspended, and five years of post-release supervision, did not exceed the statutory maximum of twenty-five years because the five-year term of post-release supervision was not in addition to the thirteen years suspended, but was

included in the suspended portion of the sentence).

¶10.   In the present case, Massey's successful completion of the post-release supervision is a condition of the seventeen years of suspended time.  Likewise, the successful completion of the community-service program is a condition of the seventeen years suspended, and is inherent in the suspended time.  Indeed, Massey's four years of post-release supervision and community service are not in addition to the seventeen years suspended but are included in the seventeen years.  Massey is not at risk of serving more than the statutory maximum of thirty years.  This issue is without merit.

¶11.   **THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.  IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**