# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00064-COA

JOHN MURPHY                                                             APPELLANT

v.

STATE OF MISSISSIPPI                                                     APPELLEE

DATE OF JUDGMENT:                12/06/2019
TRIAL JUDGE:                     HON. LEE J. HOWARD
COURT FROM WHICH APPEALED:       LOWNDES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          JOHN MURPHY (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: BRITTNEY SHARAE EAKINS
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 02/09/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., LAWRENCE AND McCARTY, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1.     John Allen Murphy appeals from the Lowndes County Circuit Court's order denying

his motion for post-conviction relief (PCR) as time-barred and without merit.  Finding no

error, we affirm the circuit court's denial of Murphy's PCR motion.

## FACTS

¶2.     In 2011, Murphy was indicted for one count of possession of morphine (Count I),[1] and

one count of possession of hydrocodone with the intent to distribute (Count II) in Cause

---

[1] Count I of Murphy's indictment specified that he was charged with possession of
a controlled substance (morphine) in an amount greater than two dosage units and less than
ten dosage units.

Number 2011-0241.[2]  In February 2013, Murphy pleaded guilty to Count II of his 2011 indictment: one count of possession of hydrocodone with the intent to distribute.[3]  In exchange for his guilty plea, the circuit court granted the State's motion to amend Murphy's indictment to remove the habitual-offender language from this count.  The State also moved to have Count I of the indictment (the possession of morphine charge) retired to the file, which the court granted.

¶3.     After a hearing, the circuit court determined that Murphy entered his guilty plea knowingly, intelligently, and voluntarily.  Accordingly, the circuit court accepted Murphy's plea.  The circuit court then sentenced Murphy to serve a term of twenty years in the custody of the Mississippi Department of Corrections (MDOC), with sixteen years suspended and four years to serve, followed by five years of post-release supervision (PRS).  During sentencing, the circuit court explicitly explained to Murphy that after release from prison, he would be placed on PRS for five years.  The circuit court warned Murphy that any violation of the law or failure to pay his fine and court costs while on PRS "might result in the

---

[2] Count II of Murphy's indictment specified that he was charged with one count of possession of a controlled substance (hydrocodone) in an amount greater than forty dosage units with the intent to distribute. The transcript from the plea hearing reflects that the controlled substance was also referred to as hydrocodone with acetaminophen.

[3] That same day, Murphy also entered a guilty plea for a 2012 indictment for one count of possession of less than a tenth of a gram of methamphetamine in Cause Number 2012-0382.  The circuit court sentenced Murphy to serve four years in the custody of the Mississippi Department of Corrections (MDOC) as a habitual offender and ordered him to pay a fine.  The circuit court ordered Murphy's sentence for Cause Number 2012-0382 to run concurrently with his sentence for Cause Number 2011-0241.  Murphy's PCR motion does not attack his guilty plea or sentence in Cause Number 2012-0382.

[sixteen] years that were suspended being revoked." Murphy confirmed under oath that he understood these terms.

¶4. The record reflects that in 2018, during Murphy's period of PRS, Murphy was indicted for (1) one count of possession of methamphetamine in an amount greater than 0.1 gram but less than 2 grams and (2) one count of tampering with evidence. According to the State, Murphy flushed methamphetamine down a toilet when parole agents attempted to conduct a home visit. Murphy ultimately pleaded guilty to the charge of tampering with evidence, and the circuit court sentenced him to ten years in the custody of the MDOC, with two years suspended and eight years to serve.

¶5. On August 1, 2018, the State filed a petition seeking to revoke Murphy's sixteen-year suspended sentence in Cause Number 2011-0241 due to Murphy's violating his PRS terms. The State's petition specified that Murphy violated his PRS terms as follows: Murphy was charged with possession of methamphetamine; Murphy tested positive for methamphetamine after officers performed a drug test; parole agents found a felon (who was not related to Murphy) inside Murphy's home; Murphy flushed the methamphetamine down the toilet when the parole agents arrived at his home; and Murphy was behind on paying his supervision fees. After a hearing, the circuit court found that Murphy violated the terms and conditions of his PRS. The circuit court then entered an order revoking Murphy's suspended sentence in Cause Number 2011-0241 and sentencing Murphy to serve a term of sixteen years in the MDOC's custody.

¶6.     On August 30, 2019, more than six years after his conviction, Murphy filed his PCR motion requesting that the circuit court correct his sentence in Cause Number 2011-0241. In his PCR motion, Murphy claimed that he was given "too much time" for his possession-of-hydrocodone sentence.

¶7.     On December 6, 2019, the circuit court entered an order denying Murphy's PCR motion. The circuit court explained that Murphy's PCR motion was filed outside the statute of limitations set forth in Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) and was therefore time-barred. The circuit court further found that Murphy's PCR motion met none of the exceptions set forth in section 99-39-5 to except it from the time-bar because "no new evidence has appeared which was not available when the case could have gone to trial, no intervening higher court decision has passed, nor is [Murphy] being detained on an expired sentence." The circuit court held that even if Murphy's PCR motion was not time-barred, his motion lacked merit because "[Murphy] waived the right to have the State present the evidence against him when he pled guilty." The circuit court further observed that the plea petition reflected that Murphy stated "he was happy with his counsel and counsel's advice given him."

¶8.     Murphy now appeals from the circuit court's order denying his PCR motion.

## STANDARD OF REVIEW

¶9.     "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous;

however, we review the circuit court's legal conclusions under a de novo standard of review." *Hays v. State*, 282 So. 3d 714, 716-17 (¶5) (Miss. Ct. App. 2019) (quoting *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018)).

**DISCUSSION**

¶10.    On appeal, Murphy argues that the circuit court erred in denying his PCR motion. Murphy claims that the evidence at the time of his 2011 guilty plea showed that he had a prescription for the hydrocodone pills that he pleaded guilty to possessing with the intent to distribute, and therefore he was "given to[o] much time" when the circuit court sentenced him to twenty years in the custody of the MDOC, with sixteen years suspended.  Murphy asserts that because he had a prescription for the hydrocodone pills at issue and legally possessed them, his counsel was ineffective for advising him to plead guilty to the charge of possession of hydrocodone with the intent to distribute.  Murphy also claims that his counsel told him that if he did not accept the 2011 plea deal, he would be sentenced to serve twenty years in the custody of the MDOC.  Murphy admits that he did illegally possess the morphine pills addressed in Count I of the 2011 indictment, and he claims that he should have been sentenced for possessing eight morphine pills instead of ninety hydrocodone pills.  Murphy also claims that the Assistant District Attorney did not like him and therefore "gave [him] too much time" for his conviction.  In his PCR motion, Murphy does not attack the circuit court's order revoking his suspended sentence, and Murphy admits that he committed the offenses that led to the revocation of his PRS.

¶11. Pursuant to section 99-39-5(2), a PCR motion must be filed within three years after the judgment of conviction is entered in the case of a guilty plea. Because Murphy filed his PCR motion over six years after the judgment of conviction for possession of hydrocodone with intent to distribute, we agree with the circuit court that his PCR motion is time-barred.

¶12. However, we recognize that section 99-39-5(2) sets forth several exceptions to the time-bar, including "evidence, not reasonably discoverable at trial, which . . . would have caused a different result," or the movant's "probation, parole[,] or conditional release has been unlawfully revoked." Miss. Code Ann. § 99-39-5(2)(a)(i), (b). When a time-barred PCR motion is filed, "the burden falls on the movant to show he has met a statutory exception." *White v. State*, 59 So. 3d 633, 635 (¶8) (Miss. Ct. App. 2011) (citing *Adams v. State*, 954 So. 2d 1051, 1053 (¶7) (Miss. Ct. App. 2007)).

¶13. Here, Murphy failed to demonstrate that any of the statutory exceptions apply to the time-bar. Although Murphy claims evidence exists that shows that he possessed a prescription for the hydrocodone pills at issue in his conviction, he does not assert that this is "evidence, not reasonably discoverable at trial, which . . . would have caused a different result." Murphy also does not claim that his PRS has been unlawfully revoked; rather, he asserts that he was improperly sentenced for possession of hydrocodone with the intent to distribute.

¶14. The Mississippi Supreme Court has also held that "errors affecting fundamental constitutional rights are excepted from the procedural bars" of the Uniform Post-Conviction

6

Collateral Relief Act (UPCCRA). *Nichols v. State*, 265 So. 3d 1239, 1242 (¶10) (Miss. Ct. App. 2018) (quoting *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010)). "[F]our fundamental-rights exceptions have been expressly found to survive procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Id*. (quoting *Carter v. State*, 203 So. 3d 730, 731 (¶7) (Miss. Ct. App. 2016)).[4] However, "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars[;] . . . there must at least appear to be some basis for the truth of the claim of a fundamental-constitutional-rights violation." *Id*. As the movant, Murphy bears the burden of proving that an exception applies. *Beal v. State*, 270 So. 3d 910, 914-15 (¶14) (Miss. Ct. App. 2018).

¶15. In addition to the fundamental-rights exceptions listed above, the supreme court has held that "a claim of ineffective assistance of counsel may be excepted from the statute of limitations . . . bar in 'exceptional circumstances' . . . or 'extraordinary circumstances[.]'" *McDonald v. State*, No. 2019-CP-00444-COA, 2020 WL 5422404, at *2 (¶7) (Miss. Ct. App. Sept. 8, 2020) (quoting *Conley v. State*, No. 2011-M-01006, 2020 WL 949240, at *1 (Miss.

---

[4] This Court has additionally recognized that "the due-process right not to stand trial or be convicted while incompetent is a fundamental right not subject to the procedural bars of the Mississippi post[-]conviction-relief statutes." *Brown v. State*, 198 So. 3d 325, 330 (¶19) (Miss. Ct. App. 2015) (citing *Smith v. State*, 149 So. 3d 1027, 1031 (¶8) (Miss. 2014), *overruled on other grounds by Pitchford v. State*, 240 So. 3d 1061, 1070 (¶49) (Miss. 2017)).

Feb. 26, 2020); *Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015)). Our review of Murphy's PCR motion reflects that he has failed to identify any exceptional or extraordinary circumstances for excepting his claim of ineffective assistance of counsel from the time-bar. Murphy argues that he received ineffective assistance of counsel because his attorney advised him to take the plea deal offered by the State despite "all the evidence that [he] wasn't selling those [eight] Morphine pills . . . ." Murphy's argument hinges on his theory that because he possessed a prescription for the hydrocodone pills, he legally possessed them. Murphy attached his prescription for the pills to his PCR motion. The supreme court has explained that "[t]he intent to distribute is the actual act separating the crime of simple possession from the crime of possession with intent to distribute." *Holland v. State*, 656 So. 2d 1192, 1197 (Miss. 1995). Murphy's PCR motion fails to address how his prescription for the hydrocodone pills affects the intent-to-distribute element of his conviction. Furthermore, Murphy's guilty plea petition, which he signed under oath, reflects that his counsel advised him "as to the probabilities of my conviction on the charge(s) with which I am charged and thoroughly discussed all aspects of my case with me" and that he was satisfied with the advice and help his counsel provided him.

¶16. Murphy also asserts that there was no evidence to show that he intended to sell the morphine pills from Count I of his 2011 indictment. However, as stated, Count I of Murphy's indictment was retired to the files. Murphy did not plead guilty to possession of morphine, nor was he sentenced for this charge.

8

¶17. As to Murphy's claim that he "was given to[o] much time" when he received a twenty-year sentence for possession of hydrocodone with the intent to distribute, we reiterate that "there must at least appear to be some basis for the truth of the claim of a fundamental-constitutional-rights violation" before the procedural bar will be waived. *Nichols*, 265 So. 3d at 1241 (¶10). "As the appellant, [Murphy] 'has the duty to make more than mere assertions and should set forth reasons for his arguments and cite authorities in their support.'" *Hays*, 282 So. 3d at 719 (¶17). "[T]his Court is under no duty to consider assignments of error when no authority is cited." *Id*. Murphy's PCR motion and appellate brief fails to offer any record support or supporting authority for his assertion that he received too much time for his conviction for possession of hydrocodone with the intent to distribute, and this Court has held that "[s]uch conclusory allegations are not sufficient" to except the claim from the time-bar. *Id*. at 720 (¶17).

¶18. Our review of the record shows that Murphy's sentence did not exceed the statutory limit for possession of hydrocodone in an amount greater than forty dosage units with the intent to distribute. *See* Miss. Code Ann. § 41-29-139(c)(1)(E) (Rev. 2009). The circuit court sentenced Murphy to twenty years in the custody of the MDOC, with sixteen years suspended and four years to serve, followed by five years of PRS.[5] As stated, the circuit

---

[5] *See Massey v. State*, 161 So. 3d 1132, 1134 (¶9) (Miss. Ct. App. 2015) ("In *Fluker v. State*, 2 So. 3d 717, 720 (¶9) (Miss. Ct. App. 2008), we held that the defendant's [PRS] was inherent in the years that the sentence was suspended and not separate from it. Moreover, in *Dickens v. State*, 119 So. 3d 1141, 1145 (¶9) (Miss. Ct. App. 2013), we held that the defendant's sentence of thirty years, with fifteen years to serve, fifteen years

court warned Murphy that any violation of the law while on PRS "might result in the [sixteen] years that were suspended being revoked." Murphy confirmed under oath that he understood these terms. In his PCR motion, Murphy does not dispute that he violated the terms and conditions of his PRS. If a defendant is found to violate the terms and conditions of his PRS, Mississippi Code Annotated section 47-7-37.1 (Rev. 2015) provides the circuit court with the authority to "revoke his probation and impose any or all of the sentence." *See also Agent v. State*, 30 So. 3d 370, 374 (¶11) (Miss. Ct. App. 2010) ("[A] judge is vested with the discretion to revoke and reinstate a defendant's entire suspended sentence.").

¶19. After our review, we find that Murphy failed to meet his burden of proving that an exception applies to the UPCCRA's time-bar as to any claims he raises on appeal. We therefore affirm the circuit court's denial of Murphy's PCR motion as time-barred and without merit.

¶20. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**

---

suspended, and five years of [PRS], was within the statutorily authorized maximum sentence of thirty years.").