ROBERTS, J.,
for the Court:
¶ 1. On August 19, 2002, in the Marshall County Circuit Court, Ellis Dawkins pled guilty to one count of capital rape. He was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC) with ten years to serve and ten years suspended. Dawkins was also sentenced to five years of supervised probation. On July 1, 2009, Dawkins filed a petition to clarify his sentence alleging that his current sentence exceeded what he agreed to accept in his plea agreement. The circuit judge, viewing Daw-kins’s petition as a motion for post-conviction relief (PCR), summarily dismissed the motion. Feeling aggrieved, Dawkins now appeals.
FACTS AND PROCEDURAL HISTORY
¶ 2. A Marshall County grand jury indicted Dawkins for one count of sexual battery and one count of capital rape. Dawkins, with his attorney present, appeared before the circuit court on August 19, 2002, and entered a plea of guilty to the charge of capital rape. The sexual battery charge was retired to the files. Finding that Dawkins was competent to enter his guilty plea, the circuit judge found him guilty of capital rape. The circuit judge sentenced Dawkins to serve twenty years’ imprisonment in the custody of the MDOC. Dawkins was ordered to serve ten years of his sentence with ten years suspended and five years of supervised probation.
¶ 3. On July 1, 2009, almost six years after he was sentenced, Dawkins filed a petition to clarify sentence in the circuit court. In his petition, Dawkins alleged that he “entered a plea agreement for 20 years[,] but [he] received 25 years instead.” Viewing the petition to clarify *584 sentence as a PCR motion, the circuit judge reviewed Dawkins’s PCR motion and court file. The circuit judge found that “it plainly appealed] from the face of the motion, exhibits, and prior proceedings that [Dawkins] is not entitled to any relief.” The circuit judge entered his summary dismissal of the PCR motion on February 8, 2010.[1]
¶ 4. Feeling aggrieved by the summary dismissal of his PCR motion, Dawkins now appeals raising the following issues:
I. The circuit court erred by allowing the State to breach the plea agreement.
II. The circuit court erred by denying Dawkins “an in-court opportunity to determine the merits of the plea.”
III. The circuit court erred by issuing an ambiguous sentence.
Finding no error, we affirm.
STANDARD OF REVIEW
¶ 5. The circuit court may summarily dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2010). Upon appellate review, this Court will affirm the circuit court’s summary dismissal of a PCR motion “if the [movant] fails to demonstrate ‘a claim procedurally alive substantially showing the denial of a state or federal right.’” Chapman v. State, 47 So.3d 203, 206 (¶ 8) (Miss.Ct.App.2010) (quoting Robinson v. State, 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009)).
ANALYSIS
¶ 6. We first note that the circuit judge properly viewed Dawkins’s petition to clarify sentence as a PCR motion. We must also note that the record before us does not include the full transcript of Daw-kins’s guilty-plea colloquy. We were only provided with a one-page excerpt of the colloquy. Finally, we note that Dawkins’s filing of a PCR motion is time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Supp.2010) because it was filed more than three years after the entry of the judgment of conviction. Time bar notwithstanding, this Court will address the merits of Dawkins’s appeal in regard to his claim that his sentence was ambiguous.
¶ 7. In his brief, Dawkins asserts that the plea bargain he entered was for a term of twenty years, but the sentence actually imposed was for twenty-five years. Daw-kins attached to his brief a copy of his petition for the circuit court to accept his guilty plea. Statement 10(b) of that petition says the following:
As a result of plea bargaining, my attorney and I have reached an agreement with the District Attorney’s Office concerning my offer to plead guilty to the charge(s) listed in paragraph three. It is my understanding that I receive a sentence as follows or see attached plea agreement:
Following that statement is a series of blank lines in which the following was handwritten:
20 [years] 10 — suspended 5 — to serve
5 [years] PRS
Costs & Restitution
*585 This is the sentence that Dawkins requests this Court to find as his proper sentence. However, this sentence clearly does not comport with the later statements made at Dawkins’s guilty-plea hearing and the guilty-plea order entered by the circuit judge. In the one-page portion of Daw-kins’s guilty-plea transcript we have before us for review, the circuit judge asked if the State had a recommendation for Dawkins’s sentence. We quote the following portion of the transcript verbatim:
THE STATE: Yes, Your Honor. The State recommends a term of incarceration of twenty years with twenty years suspended, with ten [years] to serve
THE COURT: Ten years suspended and—
THE STATE: Yes sir,
THE COURT: — ten [years] to serve?
THE STATE: Yes, sir, and five years [of] post-release supervision.
THE COURT: All right. The [c]ourt is going to accept the recommendation of the State in this matter. Accordingly, Ellis Dawkins, you are hereby sentenced to a term of twenty years in an institution to be designated by the Department of Corrections. The [c]ourt is going to suspend ten years of that sentence, leaving you ten [years] to serve. The [cjourt is going to order that you be placed on five years [oj] post-release supervision, and the [cjourt’s going to order that you pay any and all costs, fees, assessments, restitution, if any, no later than while on post-release supervision.
(Emphasis added).
¶8. Then, in a document titled “Guilty Plea Post Release Supervision Order,” the circuit judge ordered that Dawkins “serve a term of 20 YEARS [of] imprisonment in the custody of the Mississippi Department of Corrections. The [c]ourt hereby suspends ten (10) years of said sentence conditioned upon the defendant[’]s good behavior after his release from the institution.” (Emphasis in original). The circuit judge also ordered that Dawkins be “placed on supervised probation for a period of 5 (five) years following his term of imprisonment....” After review of the transcript and the guilty-plea order, it is clear to this Court that the circuit court sentenced Dawkins to twenty years with ten years to serve and ten years suspended. Although it is less clear as to whether Dawkins would be on five years of post-release supervision (PRS) or five years of supervised probation, it is of little consequence in the current case.
¶ 9. Since Dawkins’s guilty-plea petition stated that he is not a prior-convicted felon, he would be eligible for either PRS or probation. Pursuant to Mississippi Code Annotated section 47-7-34 (Rev. 2004), the circuit court may impose a term of PRS if the punishment includes a term of incarceration; “[h]owever, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed.” (Emphasis added). Dawkins pled guilty to the crime of capital rape in violation of Mississippi Code Annotated section 97-3-65 (Supp.2010). The maximum sentence for this crime is life imprisonment; the minimum is twenty years’ imprisonment. Id. Thus, any claim by Dawkins that the imposition of a twenty-five year sentence would be illegal is not accurate since a twenty-five year sentence is clearly within the statutory parameters. Alternatively, if the circuit judge intended to impose five years of supervised probation, the end result is the same. Probation is “not subject to the ‘totality’ of sentence concept found in [Mis *586 sissippi Code Annotated section] 47-7-34.” Jones v. State, 805 So.2d 610, 612 (¶ 7) (Miss.Ct.App.2002) (quoting Carter v. State, 754 So.2d 1207, 1209 (¶ 5) (Miss.2000)). If the circuit judge imposed probation, Dawkins’s sentence is still lawful since the five-year period is not considered when computing Dawkins’s total sentence.
¶ 10. Finding that Dawkins PCR motion was time-barred and that his sentence was not ambiguous, we affirm the circuit court’s summary dismissal of Dawkins’s PCR motion.
¶11. THE JUDGMENT OF THE MARSHALL COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, MAXWELL AND RUSSELL, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. On July 22, 2009, and December 15, 2009, the Mississippi Supreme Court dismissed Dawkins’s PCR application for leave to proceed in the trial court finding that Dawkins had not directly appealed his conviction and sentence. The supreme court found in both instances that Dawkins should proceed to file his PCR motion in the circuit court pursuant to Mississippi Code Annotated section 99-39-7 (Supp.2010).