# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00402-COA

**HENRY J. LANERI III A/K/A HENRY JOSEPH LANERI III**     APPELLANT

**v.**

**STATE OF MISSISSIPPI**     APPELLEE

DATE OF JUDGMENT:                02/24/2014
TRIAL JUDGE:                     HON. ANTHONY ALAN MOZINGO
COURT FROM WHICH APPEALED:       PEARL RIVER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          HENRY J. LANERI III (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: STEPHANIE BRELAND WOOD
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:         DENIED MOTION FOR POST-
                                 CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 06/09/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND MAXWELL, JJ.**

**LEE, C.J., FOR THE COURT:**

## FACTS AND PROCEDURAL HISTORY

¶1. On January 13, 2012, Henry J. Laneri III pleaded guilty in the Pearl River County Circuit Court to possession of contraband inside a correctional facility. Laneri was sentenced to eight years, with two years to serve in the custody of the Mississippi Department of Corrections (MDOC) and six years of post-release supervision, with five years supervised. This sentence was to run concurrently with the sentence Laneri was already serving. On September 11, 2013, Laneri filed a petition to clarify his sentence. Treating the petition as

a motion for post-conviction relief (PCR), the trial court denied Laneri's motion, finding that its written order of conviction, which included post-release supervision, prevailed over its oral pronouncement that did not. Laneri now appeals, asserting the trial court erred in denying his motion.

## STANDARD OF REVIEW

¶2. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

¶3. Laneri argues that the sentence contained in the sentencing order was erroneous because it did not accurately reflect the sentence orally pronounced by the trial court, was not a part of the State's sentencing recommendation, and was not included in his petition to enter a guilty plea.

¶4. "[T]his Court has previously held that a written sentencing order controls over a prior oral pronouncement of a sentence[.]" *Thompson v. State*, 92 So. 3d 691, 698 (¶19) (Miss. Ct. App. 2012). In *Thompson*, the trial court orally sentenced Thompson to eight years for Count I and twenty-five years for Count II, to be served consecutively. *Id*. at (¶17). We found, however, that the trial court's written order, sentencing Thompson to sixteen years for Count I and sixty years for Count II, to run concurrently, controlled over the trial court's prior oral pronouncement. *Id*. at 698-99 (¶¶15-19). Here, the trial court orally sentenced

2

Laneri to eight years, with two years to serve and six years suspended, to run concurrently with the sentence he was already serving. The trial court's written order sentenced Laneri to eight years, with two years to serve and six years of post-release supervision, five years supervised, to run concurrently with the sentence he was already serving. We find that the written sentencing order controls. This issue is without merit.

¶5. Regarding the State's sentencing recommendation, the Mississippi Supreme Court has held:

> [I]f, during the plea colloquy, the trial court has informed the defendant that the court is not bound by any sentence recommendation, and if the record reflects that the trial court is not involved in the plea bargaining process and the prosecutor makes the recommended sentence pursuant to the plea agreement, the trial court commits no error by not following the State's sentencing recommendation, so long as the sentence imposed is within the maximum limits prescribed by the applicable statute.

*Callins v. State*, 975 So. 2d 219, 229 (¶23) (Miss. 2008) (citing *Martin v. State*, 635 So. 2d 1352, 1355 (Miss. 1994)). During the plea hearing, Laneri was asked by the trial court, "Do you understand and acknowledge that any recommendation I may receive from the State is merely a recommendation [and] that [I am] not bound by it," to which Laneri answered affirmatively. He was also informed of and acknowledged the same in his petition to enter a guilty plea, which stated in pertinent part:

> I also know that the sentence is up to the Court; that the Court is not required to carry out any understanding made by me and my attorney with the District Attorney[;] and further, that the Court is not required to follow the recommendation of the District Attorney, if any.

Furthermore, (1) nothing in the record indicates the trial court was involved in the plea-bargaining process, (2) the State performed its part of the plea agreement by making the

recommendation Laneri agreed to, and (3) the sentence imposed was less than the maximum prescribed by Mississippi Code Annotated section 47-5-193 (Supp. 2014), which is fifteen years. Since the trial court was not bound by the State's sentencing recommendation, this issue is without merit. It is worth noting that Laneri does not challenge the voluntariness of his guilty plea, nor does he seek to invoke his right to withdraw his plea of guilty, a right he reserved in his petition to enter a guilty plea if he found the trial court's sentence disagreeable.

¶6. Laneri's second issue on appeal is that the trial court erred in finding Laneri was attacking the legality of his sentence. "An argument that [a] sentence violates law, either because it is clearly erroneous or because it is unredeemably ambiguous or incomplete, would be proper under the post-conviction relief procedures." *Burns v. State*, 933 So. 2d 329, 331 (¶8) (Miss. Ct. App. 2006). Where "an inmate . . . is uncertain about the operation of his sentence and desires clarity[,]" he should seek relief through the administrative processes of the MDOC before turning to the court. *Id*. at (¶9). Laneri did not seek to clarify his written sentence claiming that he was uncertain about the operation of the sentence. Instead, he argued that the sentence contained in the sentencing order was erroneous because it did not accurately reflect the sentence orally pronounced by the trial court, was not a part of the State's sentencing recommendation, and was not included in his petition to enter a guilty plea. He asked the trial court to correct the written sentencing order by adopting its oral pronouncement in lieu of the written sentence. This was an attack on the legality of the sentence. This issue is without merit.

¶7.    THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.

IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.  BARNES, J., CONCURS IN PART AND IN THE RESULT.  JAMES, J., CONCURS IN PART.