# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01244-COA

**MARCUS H. HARRIS A/K/A MARCUS**                          **APPELLANT**
**HERBERT HARRIS A/K/A MARCUS HARRIS**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/18/2014 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARCUS H. HARRIS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA BYRD |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/13/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., ISHEE, FAIR AND WILSON, JJ.

### ISHEE, J., FOR THE COURT:

¶1.     In 2010, Marcus H. Harris pleaded guilty to murder and aggravated assault in exchange for the State's agreement to reduce his capital-murder charge to murder. In accordance with Harris's plea agreement, the Jackson County Circuit Court sentenced him to serve a life sentence in the custody of the Mississippi Department of Corrections ("MDOC") for his murder conviction, and to serve twenty years for his aggravated-assault conviction. The circuit court also ordered Harris to pay a $5,000 fine for each of his convictions and all court costs. Harris filed a petition to clarify his sentence, believing his

sentence had subsequently been reduced. The circuit court denied Harris relief. Harris now appeals the denial of his petition. Finding no error, we affirm the circuit court's judgment.

**STATEMENT OF FACTS**

¶2. On March 2, 2010, Harris was indicted for capital murder and aggravated assault after fatally shooting Sema Hall and permanently paralyzing Willie Williams. Harris originally pleaded not guilty. However, in exchange for the State's agreement to reduce Harris's capital-murder charge to murder, Harris withdrew his not-guilty plea, and pleaded guilty to murder and aggravated assault. On March 1, 2011, Harris received a life sentence in the custody of the MDOC for his murder conviction, and a twenty-year sentence for his aggravated-assault conviction. In addition, the circuit court ordered Harris to pay a $5,000 fine for each conviction, as well as all court costs.

¶3. On July 31, 2014, Harris filed a petition to clarify his sentence, based upon his belief that the circuit clerk's docket summary revealed that the crime he had been indicted for, and the sentence he received, had been reduced. Harris cited to an erroneous docket entry, contending that his sentence had been amended, his murder conviction reduced to possession of a controlled substance, and his sentence reduced to twenty years in MDOC custody, with twelve years suspended and eight years to serve. In reality, the circuit clerk's docketing software malfunctioned, causing Harris's file to be inadvertently merged with another criminal file. As a result, a separate file's sentence was shown on the docket summary. Harris presented a copy of the erroneous docket entry as the sole piece of support for his petition, raising no alternative issues. In response, the State provided the circuit court with

an accurate version of Harris's docket summary. On August 19, 2014, upon review of Harris's petition and the State's response, the circuit court held Harris's sentence was unambiguous and, therefore, denied him relief. Harris now appeals.

## STANDARD OF REVIEW

¶4. A motion for postconviction relief ("PCR") "shall be filed as an original civil action in the trial court, except in cases in which the prisoner's conviction and sentence have been appealed to the [S]upreme [C]ourt of Mississippi and there affirmed or the appeal dismissed." *Fuller v. State*, 914 So. 2d 1230, 1231 (¶3) (Miss. Ct. App. 2005) (quoting Miss. Code Ann. § 99-39-7 (Rev. 2015)). "This Court reviews a denial of a [PCR motion] under an abuse of discretion standard." *McDonald v. State*, 16 So. 3d 83, 84 (¶4) (Miss. Ct. App. 2009). "In reviewing a trial court's decision to deny a PCR [motion], [this Court] will not disturb the trial court's findings unless they are clearly erroneous." *Massey v. State*, 161 So. 3d 1132, 1133 (¶5) (Miss. Ct. App. 2015). Where questions of law are raised on appeal, however, "we employ a de novo standard of review." *Johnson v. State*, 31 So. 3d 647, 649 (¶5) (Miss. Ct. App. 2010).

## DISCUSSION

¶5. At the outset, we must first note that Harris's petition to clarify his sentence falls within the purview of postconviction relief, as Harris asserts that his sentence is ambiguous. *See Laneri v. State*, 167 So. 3d 274, 277 (¶6) (Miss. Ct. App. 2015) (citing *Burns v. State*, 933 So. 2d 329, 331 (¶8) (Miss. Ct. App. 2006)) (holding "[a]n argument that a sentence violates law . . . because it is unredeemably ambiguous or incomplete, would be proper under

[PCR] procedures"). Though Harris did not explicitly file a PCR motion in the circuit court, Harris's petition takes issue with the ambiguity of his sentence. Therefore, we consider Harris's appeal as one from a denial of PCR. *See Fuller*, 914 So. 2d at 1231-32 (¶3). Because Harris pleaded guilty, however, his PCR motion is time-barred under Mississippi Code Annotated section 99-39-5(2) (Rev. 2015), as he filed his motion more than three years after the entry of his judgment of conviction. *Owens v. State*, 17 So. 3d 628, 634 (¶17) (Miss. Ct. App. 2009). Notwithstanding section 99-39-5(2)'s time-bar, this Court will address the merits of Harris's appeal with respect to his claim that his sentence is ambiguous.

¶6. To support Harris's argument that his sentence is ambiguous, he relies solely on a docket entry derived from the circuit clerk's docket summary. The erroneous entry to which Harris cites allegedly confirms that Harris's murder charge was reduced to possession of a controlled substance, reducing his sentence to a twenty-year sentence with twelve years suspended and eight years to serve. The State, however, responded by providing the circuit court with an accurate version of the docket summary, contending that "the [c]ircuit [c]lerk's . . . software, at times, inadvertently merges files." As a result, "[Harris] was subject to the inadvertent merging of files, and a separate file's sentence was shown on the docket summary screen." To further support this contention, the State showed even the erroneous docket summary listed the withdrawal of Harris's not-guilty plea, the reduction of his capital-murder charge to murder, and his receiving a life sentence for that conviction and a twenty-year sentence for his aggravated-assault conviction. Finding on behalf of the State, the circuit court determined that the docket summary to which Harris referred was, in fact, "the

4

result of the inadvertent electronic merging of files." In light of that finding, the circuit denied Harris's petition.

¶7. The record reveals that on March 1, 2011, Harris pleaded guilty to murder and aggravated assault, and received the sentence he is currently serving within MDOC custody. Moreover, the record does *not* reflect that Harris was ever indicted for, that he pleaded guilty to, or that he was sentenced to a term of imprisonment for possession of a controlled substance.

¶8. For the first time on appeal, Harris argues that it was his understanding that he was pleading guilty to manslaughter, and would be sentenced to serve twenty years for that conviction. Thus, Harris alleges the mistaken docket entry should have stated his murder charge had been reduced to manslaughter, rather than possession of a controlled substance. Because this Court is limited to review of those issues asserted by Harris in his PCR motion, this argument is without merit. *Webster v. State*, 152 So. 3d 1200, 1202 n.2 (Miss. Ct. App. 2014). In addition, all other issues raised by Harris for the first time on appeal are procedurally barred. *See Lockett v. State*, 614 So. 2d 888, 893 (Miss. 1992) (holding the petitioner bears the burden of proving that no procedural bar exists).

## CONCLUSION

¶9. Upon review, we find nothing in the record to overturn the circuit court's denial of Harris's PCR motion. Harris pleaded guilty to the charges of murder and aggravated assault. Harris received a life sentence for his murder conviction, and a twenty-year sentence for his aggravated-assault conviction. As such, this Court finds that Harris's PCR motion was time-

5

barred and that his sentence was not ambiguous. We therefore affirm the circuit court's denial of Harris's PCR motion.

¶10. **THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**