# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00650-COA

**MICHAEL D. SEARS A/K/A MICHEAL D. SEARS, JR. A/K/A MICHAEL SEARS**

**APPELLANT**

v.

**STATE OF MISSISSIPPI**

**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/26/2019 |
| TRIAL JUDGE: | HON. ROBERT THOMAS BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL D. SEARS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/02/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., GREENLEE AND McCARTY, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1. Michael Sears pleaded guilty to one charge of felony domestic violence and was sentenced to serve ten years in the custody of the Mississippi Department of Corrections (MDOC), with three years suspended, followed by five years of reporting probation. Sears timely filed a petition to clarify his sentence, arguing that his sentence was excessive and requesting that the trial court correct his sentence. The Lauderdale County Circuit Court entered an order clarifying Sears's sentence and denied Sears's requested relief.

¶2. Sears now appeals, arguing that the trial court erred in its order clarifying his sentence. Sears asserts that because he is a felon, he cannot be sentenced to reporting probation; rather,

he should have been sentenced to post-release supervision (PRS). Sears also argues that his sentence is in excess of the statutory maximum sentence for felony domestic violence.

¶3.     After our review, we find no error. We therefore affirm the trial court's judgment.

**FACTS**

¶4.     On September 17, 2018, Sears pleaded guilty to one charge of felony domestic violence in violation of Mississippi Code Annotated section 97-3-7(3) (Supp. 2015).[1] The trial court sentenced Sears to serve ten years in the custody of the MDOC, with three years suspended (leaving seven years to serve), followed by five years of reporting probation pursuant to Mississippi Code Annotated section 47-7-33 (Rev. 2015). Sears's sentencing order specifically states that after Sears has completed serving seven years in the custody of the MDOC, Sears "is remanded to the supervision of staff of the [MDOC] ("Field Officer") to serve the supervised probation portion of this sentence." The trial court also ordered Sears to pay court costs and assessments in the amount of $1,630.50, and he received one day's credit for time served.

¶5.     On March 25, 2019, Sears filed a petition in the trial court seeking to clarify and correct his sentence. In his petition, Sears argued that his sentence is ambiguous and that an error was made in the total number of years of the sentence. Sears explained that he was sentenced to serve ten years in the custody of the MDOC, with three years suspended, and five years of reporting probation. Sears asserted that this sentence would result in him

---

[1] The record reflects that Sears has two prior felony domestic violence convictions, in addition to the current conviction. As a result, Sears was sentenced under section 97-3-7(3).

2

serving seven years, with five years of probation, and would accordingly amount to a total of twelve years in the MDOC's custody. Sears claimed that this sentence exceeds the ten-year sentence allowed by section 97-3-7(3) for felony domestic violence. In support of his argument, Sears cited to Mississippi Code Annotated section 47-7-34(1), which states "the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed."

¶6. On March 26, 2019, the trial court entered its order clarifying Sears's sentence and denied Sears's requested relief of correcting his sentence. The trial court explained that Sears was sentenced to five-years of reporting probation, not five years of post-release supervision. The trial court clarified that probation is not subject to the totality-of-the-sentence concept of section 47-7-34. The trial court held that as a result, Sears's sentence of seven years to serve plus five years of reporting probation does not exceed the statutorily authorized maximum sentence of ten years for felony domestic violence.

¶7. Sears timely filed his notice appealing from the trial court's order.

**STANDARD OF REVIEW**

¶8. As a preliminary matter, we find that Sears's sentence "falls within the purview of post[-]conviction relief [(PCR)]." *Harris v. State*, 230 So. 3d 718, 720 (¶5) (Miss. Ct. App. 2016) (citing *Laneri v. State*, 167 So. 3d 274, 277 (¶6) (Miss. Ct. App. 2015) ("An argument that a sentence violates law . . . because it is unredeemably ambiguous or incomplete, would be proper under the post-conviction relief procedures.")). We will therefore "consider

3

[Sears's] appeal as one from a denial of PCR." *Id.*

¶9. "When reviewing a lower court's decision to deny a PCR motion, an appellate court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Gray v. State*, 269 So. 3d 331, 333 (¶6) (Miss. Ct. App. 2018) (quoting *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)). "[W]hen issues of law are raised, the proper standard of review is de novo." *Id.* (quoting *Means v. State*, 43 So. 3d 438, 441 (¶6) (Miss. 2010)).

## DISCUSSION

¶10. Sears argues that the trial court erred in denying his requested relief. Sears asserts that because he is a felon, he is "not supposed to have reporting probation"; rather, he should have been sentenced to PRS. Sears therefore argues that his sentence amounts to him serving twelve years in the custody of the MDOC, which he contends is excessive. Sears requests that his sentence be changed from five years of reporting probation to three years of PRS.

¶11. In his petition to clarify his sentence, Sears cited to section 47-7-34, which governs PRS. Section 47-7-34(1) states that "the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed." Miss. Code Ann. § 47-7-34(1). In its order clarifying Sears's sentence, the trial court acknowledged this language but explained that Mississippi Code Annotated section 47-7-33 actually governs supervised probation. The trial court stated that "[s]upervised probation and post-release supervision are totally different statutory creatures." (Quoting *Miller v. State*, 875 So. 2d 194, 199 (¶10)

4

(Miss. 2004)). The trial court then explained that "[u]nlike time spent on [PRS], '[t]ime spent on probation is not included in the calculation of the maximum allowable sentence.'" (Quoting *Brown v. State*, 872 So. 2d 96, 99 (¶10) (Miss. Ct. App. 2004)). The trial court stated that as a result, "[p]robation is not subject to the totality of the sentence concept found in [section] 47-7-34." (Internal quotation marks omitted) (Quoting *Dawkins v. State*, 75 So. 3d 582, 585-86 (¶9) (Miss. Ct. App. 2011)).

¶12.    The trial court also acknowledged that the maximum sentence authorized by section 97-3-7(3) for felony domestic violence is ten years. However, the trial court explained Sears was sentenced to five years of reporting probation, not five years of PRS. The trial court accordingly held that because probation is not subject to the totality of the sentence concept of section 47-7-34, Sears's sentence of seven years to serve plus five years of reporting probation does not exceed the statutorily authorized maximum of ten years for felony domestic violence.

¶13.    After our review, we agree with the trial court's decision. As stated, Sears was sentenced to serve ten years in the custody of the MDOC, with three years suspended, followed by five years of reporting probation under section 47-7-33. Sears argues that pursuant to section 47-7-33, he cannot be sentenced to probation because he is a felon. The record reflects that Smith has two prior felony domestic violence convictions. Sears maintains that the trial court should have instead sentenced him to PRS.

¶14.    We recognize that the version of section 47-7-33(1) in effect prior to 2014 did prohibit felons from being placed on probation. That version of the statute stated as follows:

5

> When it appears to the satisfaction of any circuit court or county court in the State of Mississippi; having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in termtime or in vacation, shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed *or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof*, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided . . . .

Miss. Code Ann. § 47-7-33(1) (Rev. 2000) (emphasis added).

¶15. However, in 2014, the Legislature amended the statute to remove the following language that prohibited a felon from being placed on probation: "or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof." As a result of the amendment, the version of section 47-7-33(1) in effect at the time of Sears's conviction and sentence states as follows:

> When it appears to the satisfaction of any circuit court or county court in the State of Mississippi having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in termtime or in vacation, shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence. In placing any defendant on probation, the court, or judge, shall direct that such defendant be under the supervision of the Department of Corrections.

Miss. Code Ann. § 47-7-33(1) (Supp. 2014). Sears pleaded guilty and was sentenced on September 17, 2018, well after the Legislature amended the statute and removed the language prohibiting felons from being placed on probation. We therefore find that the trial court was

6

within its discretion to sentence Sears to be placed on reporting probation under section 47-7-33(1).

¶16. As to Sears's argument that his sentence is in excess of the maximum ten-year sentence allowed under section 97-3-7(3), the Mississippi Supreme Court has clarified that "[p]robation under [section] 47-7-33 is a conditional term that is not a part of the prison sentence and is therefore not subject to the 'totality' of sentence concept found in [section] 47-7-34." *Carter v. State*, 754 So. 2d 1207, 1209 (¶5) (Miss. 2000). Furthermore, Mississippi Code Annotated section 47-7-37(7) states, in part, that "[n]o part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve." In other words, "a probationary period does not equal time served." *Carter*, 754 So. 2d at 1209 (¶7); *see also Anderson v. State*, 89 So. 3d 645, 650 (¶5) (Miss. Ct. App. 2011) ("[P]robation is not considered a part of the term of sentence."). We accordingly find that because the five-year-probation period is not part of Sears's actual prison sentence, his sentence is lawful.

¶17. After our review, we find no error. Therefore, we affirm the trial court's denial of Sears's petition.

¶18. **AFFIRMED.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**